468 So.2d 1081 (1985)
Elvin Lee MOORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1196.
District Court of Appeal of Florida, Third District.
May 14, 1985.
Rehearing Denied June 4, 1985.
*1082 Susan J. Silverman, Miami, for appellant.
Jim Smith, Atty. Gen. and Diane Leeds and Michael J. Neimand, Asst. Attys. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
The defendant's convictions for robbery, burglary and battery are affirmed upon holdings that (1) even if, arguendo, the evidence implicating the defendant in these crimes came solely from the testimony of his accomplice, such evidence, if not insubstantial or inherently incredible, is sufficient standing alone to present a jury question as to the defendant's guilt, see United States v. Raffone, 693 F.2d 1343 (11th Cir.1982), cert. denied sub nom. Farese v. United States, 461 U.S. 931, 103 S.Ct. 2094, 77 L.Ed.2d 303 (1983); and (2) the defendant's claim that his trial on the robbery charge should have been dismissed on double jeopardy grounds because he had been previously convicted in the county court of the necessarily-included lesser petty larceny offense (conceded by the State to be legally viable) is not supported in this record by the necessary showing that a previous conviction of a necessarily-included offense in fact occurred.
The defendant's sentence in excess of that recommended by the sentencing guidelines is affirmed upon a holding that the reasons given for departure in the trial court's written order, including, inter alia, that the victim was maliciously, wantonly and cruelly beaten, that the victim (over eighty years old and living alone) was known to the defendant to be particularly vulnerable, and that the theft of the victim's social security check upon which she depended for day-to-day living imposed a severe economic and emotional hardship upon the victim, see Hankey v. State, 458 So.2d 1143 (Fla. 5th DCA 1984), individually and together would more than justify the sentence imposed.
Affirmed.