SHARP, Judge.
Harvey appeals from his conviction and sentence for second degree murder.[1] Employing an “alternative sentencing plan,” the trial judge sentenced him to life imprisonment under either an enhanced guideline sentence, or the habitual offender statute. We affirm the conviction but reverse the sentence.
The sentence can only be considered to be a departure sentence because *997 the habitual offender statute has been superseded by the sentencing guidelines and is no longer viable. Whitehead v. State, 498 So.2d 863 (Fla.1986). The trial judge listed four reasons for departing, only one of which, excessive brutality, may support a departure under certain circumstances. Lerma v. State, 497 So.2d 736 (Fla.1986). The sentence must therefore be vacated and the cause remanded to the trial court. Albritton v. State, 476 So.2d 158 (Fla.1985).
CONVICTION AFFIRMED; SENTENCE VACATED AND CAUSE REMANDED FOR RESENTENCING.
UPCHURCH, C.J., and COBB, J., concur.

. § 782.04(2), Fla.Stat. (1985).