SHARP, Judge,
concurs in part, dissents in part.
While I agree the third and fourth reasons for departure are invalid, I think the first and second are sufficient, and therefore I would vacate the sentence and remand for resentencing pursuant to Albritton v. State, 476 So.2d 158 (Fla.1985).
The victim died at McCall’s hands in an excessively brutal manner. His head was crushed by a number of blows and then, while the victim lay dying, McCall committed sexual battery on the victim with a pipe. McCall behaved like a savage animal. These circumstances surrounding the commission of the crime demonstrate excessive cruelty and brutality.[1] In my view, their egregiousness justifies imposition of an aggravated sentence. Fla.R.Crim.P. 3.701(b)(3). See Vanover v. State, 498 So.2d 899 (Fla.1986); Harvey v. State, 497 So.2d 996 (Fla. 5th DCA 1986); Lerma v. State, 497 So.2d 736 (Fla.1986).
In a sense all murders involve the use of excessive force because the victim is necessarily killed, and therefore, excessive force is already scored on the guidelines. But some murders are perpetrated by unusually cruel and brutal means, as illustrated by the facts of this case. This is not merely a situation where a blow or a shot resulted in the death of a victim. Compare Holden v. State, 487 So.2d 1199 (Fla. 5th DCA 1986) (even though crime is repugnant, no departure where crime is perpetrated in a common manner); cf. Vanover v. State, 498 So.2d 899 (Fla.1986).

. Where victim’s injuries are excessive and grave, and go beyond that required to sustain offense, clear and convincing grounds exist to justify a departure sentence. Williams v. State, 492 So.2d 1171 (Fla. 5th DCA 1986).