508 So.2d 416 (1987)
Kevin David LABERGE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1401.
District Court of Appeal of Florida, Fifth District.
May 7, 1987.
Rehearing Denied June 11, 1987.
Chandler R. Muller of Muller, Kirkconnell and Lindsey, P.A., Winter Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Defendant, a teacher's aide at a school for mentally and emotionally handicapped children, was convicted by jury of lewd assault (section 800.04, Florida Statutes) upon an eight year old autistic boy child at the school. The recommended guidelines sentence was community control or twelve to thirty months incarceration. The trial court departed from the guidelines recommendation and imposed a $5000 fine, imprisonment for five years plus ten years probation, giving three written reasons: (1) the court found and adjudicated defendant to be a mentally disordered sex offender under section 917.012, Florida Statutes, and that treatment of the defendant under this act requires a sentence longer than the guidelines recommendation, (2) the defendant violated a public and private trust resulting from the defendant's custodial control over the child victim, and (3) the unusual *417 and extraordinary circumstances of the child victim's handicapped condition make him especially vulnerable.
In Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984), approved, 476 So.2d 161 (Fla. 1985), the court found that there was no logical connection between the defendant's need for mental treatment and an extended term of imprisonment. In Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985), this court agreed with the observation in Young and now it appears Young is again applicable in this case. All persons convicted of section 800.04, Florida Statutes, are potentially mentally disordered sex offenders. The adjudication of the defendant to be a mentally disordered sex offender under section 917.012, Florida Statutes, does not per se constitute a clear and convincing reason to depart from the recommended guidelines sentence. There is no evidence that the treatment contemplated for the sex offender under that statute cannot be accomplished within the recommended guidelines sentence. Therefore, the first reason for departure is not a clear and convincing reason.
Everyone in society is vulnerable and must trust others to not harm or hurt or steal. Everyone who breaks a criminal law violates this trust. Being naturally innocent in sexual matters, all children are especially vulnerable to the physical, mental, and emotional harm that can result from exposure to gross adult lewd acts. To protect children from that harm is the very purpose for section 800.04, Florida Statutes, which prohibits lewd acts on, or in the presence of, children. While, of course, some such acts are committed by strangers to the children, unhappily experience shows that such statutes are most commonly violated by persons who take advantage of a trust position involving the care, custody, teaching, and training of children, such as educational, religious, social, and child care workers, relatives, stepparents, and babysitters (a true one to one trust relationship). Because it is only a difference in degree that all children are vulnerable to being victimized by lewd acts and because all who violate this statute also violate some degree of trust, departure from the recommended guidelines sentence for the basic offense of lewd acts on or in the presence of a child (section 800.04, Florida Statutes), should not be based on these two particular factors.[1]
It is the philosophy of the Florida sentencing guidelines that the recommended sentence should be imposed in the vast number of cases falling within a particular category. In fact, since guidelines sentences became effective October 1, 1983, the recommended guidelines sentence has been imposed in 82.1 percent of all cases. This means that departures, upward and downward, fall into the peripheral 17.9 percent. In considering whether emotional harm is a valid reason for departure in sexual battery cases, the supreme court in Lerma v. State, 497 So.2d 736, 739 (Fla. 1986) stated that "emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim." (emphasis supplied) We understand Lerma to hold that any factor, though not an element of the offense, that is commonly appurtenant to the offense, such as emotional harm in a sexual battery case, should not be used to authorize a departure sentence because, contrary to the intent of guidelines sentencing, a departure sentence, rather than the recommended sentence, could be authorized in most cases. All we hold here is that as emotional harm is a common factor to sexual battery, so "vulnerability" and "breach of trust" are factors common in child molestation cases. Abuse of trust and vulnerability are somewhat vague, subjective concepts. If they are held to authorize departure sentences, the "exceptional case" will become the rule, and departure sentences, rather than recommended sentences, will be authorized in *418 a large percentage of all sentences based on violations of section 800.04, Florida Statutes.
The other points presented on appeal are found to lack merit.
Accordingly, the adjudication of mentally disordered sex offender status is affirmed but the departure sentence in this case is vacated and the cause remanded for resentencing to a guidelines recommended sentence including mentally disordered sex offender treatment under section 917.012, Florida Statutes.
CONVICTION AFFIRMED; SENTENCE VACATED; CAUSE REMANDED.
COBB and SHARP, JJ., concur.
NOTES
[1] Because the particular vulnerability of children is covered by section 800.04, that vulnerability is not a valid reason for departure as when the victim is elderly. See Lewis v. State, 496 So.2d 211 (Fla. 1st DCA 1986); Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986); Moore v. State, 468 So.2d 1081 (Fla. 3d DCA 1985).