517 So.2d 692 (1988)
Eddie Mae HALL and Frank Hall, Petitioners,
v.
STATE of Florida, Respondent.
No. 70288.
Supreme Court of Florida.
January 7, 1988.
*693 Michael E. Allen, Public Defender, Second Judicial Circuit, and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for petitioners.
Robert A. Butterworth, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Justice.
This is a petition for review predicated upon the following question certified as one of great public importance in Hall v. State, 503 So.2d 951, 954 (Fla. 1st DCA 1987):
CAN PERMANENT SCARRING AND DISFIGUREMENT OF THE VICTIM IN AN AGGRAVATED CHILD ABUSE CASE BE RELIED UPON FOR UPWARD DEPARTURE WHERE VICTIM INJURY HAS BEEN SCORED TO THE MAXIMUM EXTENT ON THE SENTENCING GUIDELINES SCORESHEET?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioners, husband and wife, each pled nolo contendere to two counts of aggravated child abuse of their two children. The evidence before the trial judge at sentencing may be summarized in the following manner.
As soon as their children reached the age of one year, petitioners began to beat them for the purpose of toilet training. They would beat them every time the children would urinate without telling their parents. This would occur four or five times a day and would entail two to six beatings with a belt. At the time of petitioners' arrest their daughter was six years old and their son was four years old. There were numerous scars over the bodies of both victims, and in addition, both children bore fresh wounds. The scar tissue on the son's buttocks was at least an inch thick. The daughter had more than fifty marks on her body half an inch to two inches long, and most of these were loop marks and strap marks.
A physician testified that both children were severely malnourished. The boy's weight was normal for that of a child of only eighteen months, and the daughter's weight was similar to what would be expected for a two to three year old child. The son's behavior was quite abnormal for a child his age. He made no intelligible sounds, and his eating behavior was extremely abnormal. The doctor said that the daughter's behavior was more abnormal than that of her brother. Her speech was so abnormal that he felt that she might be psychotic. The doctor concluded that he had "never seen children with as many or as severe scars on their bodies as *694 these kids, including the children I've seen that have died."
The range of the sentencing guidelines was from four and one-half to five and one-half years for each of the petitioners. However, for each petitioner the court imposed a fifteen-year sentence on the first count and a five-year consecutive sentence on the second count followed by ten years of probation. The sentencing order recited the following reasons for departure:
1) Emotional trauma suffered by the victims has been made known to the Court and fear and emotional distress resulting from and as a consequence of the criminal acts of the Defendants. The foregoing reason is not encompassed within the scoring factors to be considered by the Court in calculating the range of sentence under the sentencing guidelines.
2) Premeditated repetitive and long-lasting beatings of their children beginning at approximately age one and continuing for three years for the younger victim and five years for the older victim and resulting in the severe, permanent scarring and disfigurement of their tiny bodies.
3) Aggravated child abuse was committed against these young victims by their natural parents, persons in a special position of trust within the family unit.
The district court of appeal affirmed the judgments and sentences and sustained all three reasons as proper bases for departure. As part of our review, we will address the validity of each of these reasons.
In considering the circumstances under which psychological or emotional trauma could be a proper basis for departure, this Court recently stated:
When the victim's trauma results from extraordinary circumstances clearly not inherent in the crime charged or when the victim has a discernible physical manifestation resulting from the trauma, it may constitute a clear and convincing reason for departure. We point out, however, that almost all victims of a crime will feel some type of trauma; this type of trauma which usually and ordinarily results from being a victim of a crime is inherent in the crime and may not be used to justify departure.
State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987).
Measured by this criteria, the evidence in this case would support the departure because of emotional trauma. The trauma was of such an aggravated nature as to exceed that which is inherent in the usual case of child abuse. Moreover, the evidence clearly demonstrated demonstrable physical manifestations resulting from the trauma. Hence, the trial judge's first reason for departure was valid.
The certified question was directed to the second reason for departure. In Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985), we said: "[T]o allow the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence would in effect be counting the convictions twice which is contrary to the spirit and intent of the guidelines." This principle applies here because the scarring of the victims was taken into account as the maximum victim injury on petitioners' guidelines scoresheets. Thus, it is clear that the permanent scarring and disfigurement of the victims cannot be a basis for departure where it has already been scored as victim injury, and our answer to the certified question is necessarily in the negative.
Significantly, however, in setting forth his second reason for departure, the trial judge placed emphasis upon the conduct of the petitioners which brought about the scarring. In Vanover v. State, 498 So.2d 899, 900-01 (Fla. 1986), this Court considered the propriety of a departure sentence in a case of aggravated battery on facts described in that opinion as follows:
Vanover, who had no prior criminal record and is fifty-three years old, testified that the brothers were aware that he had within his home $1,300, the proceeds from the sale of his truck, and that the brothers began to intimidate him and force him to leave the home so that they *695 could steal the money. After pulling out the gun in order to frighten the brothers into leaving, Vanover testified, the first brother said, "old man, if you got enough nerve to pull that trigger, shoot me in my mouth because if you don't shoot me, I'm going to take it away from you and shoot you." Vanover then shot him in the mouth. When the second brother allegedly jumped towards him, Vanover shot him with a bullet which passed through his upper left arm and entered his back.
The jury convicted Vanover of aggravated battery on the second brother, but found him not guilty on the other charge.
The Court upheld the departure because the facts rendered "the crime a highly extraordinary and extreme incident of aggravated battery." The departure was not predicated upon the severe victim injury which had already been scored in the guidelines computation but rather upon the conduct of the defendant which was so egregious as to be beyond the ordinary case of aggravated battery. The facts of the instant case as related to the petitioners' child abuse were no less extraordinary. The repeated nature of the beatings was of such intensity and occurred for so long a period of time as to mark this as one of those particularly aggravated cases for which a departure sentence was justified.
To the contrary, we are unable to sustain the third reason for departure. There are, of course, some cases of child abuse which occur outside the family unit. However, since the use of familial authority exists in so many child abuse cases, its adverse effect may have been taken into consideration in the setting of the guideline ranges for that offense. In any event, to permit a built-in basis for departure in so many child abuse cases would be contrary to the purpose and spirit of the sentencing guidelines. Thus, we find that the trial judge's third reason for departure was invalid.
While we have declared invalid the third reason for departure, we are able to say beyond a reasonable doubt that the trial judge would have imposed the same sentence on the basis of the other two reasons. See Albritton v. State, 476 So.2d 158 (Fla. 1985). Therefore, we affirm the decision of the district court of appeal, although we answer the certified question as framed in the negative.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.