522 So.2d 488 (1988)
Lucian Herman HAWKINS, Appellant,
v.
STATE of Florida, Appellee.
No. BR-420.
District Court of Appeal of Florida, First District.
March 17, 1988.
*489 Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Appellant Lucian Hawkins was convicted of two counts of sexual battery using slight force, a second degree felony, pursuant to § 794.011(5), Fla. Stat. (1985). The court imposed a departure sentence of 15 years incarceration on each count, which Hawkins argues is unsupported by any valid reasons for departure. We cannot agree that the reasons are totally invalid, but we are compelled to agree that one of the reasons appears to be invalid at least in part. Accordingly we affirm the convictions but reverse the sentences and remand for resentencing.
The evidence adduced below established that Hawkins had nonconsensual sexual intercourse with the victim and then forced her to perform fellatio. The victim is Hawkins' 25 year old aunt who is mentally retarded and confined to a wheelchair by cerebral palsy. The sexual battery occurred at Hawkins' house where the victim, who lives in a group home, was spending the weekend. The victim has an I.Q. of 55, and her social age equivalent is that of a 6 1/2 year old child. She is able to perform some minimal personal care tasks, but is unable to live and function independently without care. The victim is extremely fond of Hawkins, her 19 year old nephew.
Hawkins was initially charged pursuant to § 794.011(4)(a), Fla. Stat. (1985) with two counts of sexual battery upon a person 12 years of age or older without that person's consent when the victim is physically helpless to resist. Hawkins conceivably could have been, but was not, charged pursuant to subsection (4)(e) with sexual battery of a victim the offender knows to be mentally defective. Appellant was convicted of two counts of the lesser included offense of *490 sexual battery using physical force and violence not likely to cause serious personal injury, a second degree felony, pursuant to § 794.011(5), Fla. Stat. (1985).
The recommended guidelines sentence was 5 1/2 to 7 years incarceration. Instead, the court sentenced Hawkins to 15 years incarceration on each count. As its reasons for the imposition of a departure sentence the court stated:
Before the court is a nineteen year old male convicted of sexual battery with slight force upon a retarded female relative. The circumstances of this case dictate an upward departure from the sentencing guidelines first because of the particular vulnerability of the victim due to her retardation and the trust arising from the familiar [sic] relationship between the two.
Secondly, because the sexual assault was committed by one in a position of familiar [sic] authority whom she should have been able to rely upon for protection and sanctuary. For these reasons the court feels compelled to an upward departure from the sentencing guidelines.
The court's reliance on the fact that Hawkins stood in a position of familial authority to the victim, and that by virtue of that relationship a special trust existed between him and the victim which Hawkins abused, is a valid reason for departure. Davis v. State, 517 So.2d 670 (Fla. 1987); Williams v. State, 462 So.2d 36 (Fla. 1st DCA), review denied 471 So.2d 44 (Fla. 1985). This factor is not one which is common to virtually all sexual batteries, so it is also a valid reason in this regard. Compare Hall v. State, 517 So.2d 692 (Fla. 1988); Mathis v. State, 515 So.2d 214 (Fla. 1987); Lerma v. State, 497 So.2d 736 (Fla. 1986).
Hawkins argues that in considering the victim's vulnerability as a result of her mental deficiency, the court's reason for deviating from the guidelines improperly includes factors relating to the instant offense for which convictions have not been obtained, in violation of Fla.R.Crim.P. 3.701 d.11. A victim's particular vulnerability may constitute a valid basis for departure, particularly when the offender is aware of the vulnerability. Colemen v. State, 515 So.2d 313 (Fla. 2d DCA 1987); Berry v. State, 511 So.2d 1075 (Fla. 1st DCA 1987); Moore v. State, 468 So.2d 1081 (Fla. 3d DCA 1985). Although we believe that the victim's vulnerability as a result of her retardation is a valid basis for departure in the instant case, we also must agree with Hawkins that the court's reference to the victim's mental deficiency constitutes a violation of the prohibition set forth in Rule 3.701 d.11., "Reasons for deviating from the guidelines shall not include factors relating to the instant offense for which convictions have not been obtained."
Hawkins could have been, but was not, charged pursuant to § 794.011(4)(e), Fla. Stat. (1985) with sexual battery of a victim who is mentally deficient. The jury was instructed that it could find appellant guilty of first degree felony sexual battery if it found either that the victim was physically helpless to resist (§ 794.011(4)(a)) or that defendant knew her to be mentally defective (§ 794.011(4)(e)). The jury instead found Hawkins guilty of second degree felony sexual battery with the use of force not likely to cause serious physical injury, a lesser included offense, pursuant to § 794.011(5). The jury therefore concluded that it had not been proven beyond a reasonable doubt that the victim's mental retardation was a factor in Hawkins commission of sexual battery upon his aunt. Davis v. State. A departure sentence cannot be based upon factors which constitute offenses of which the defendant was acquitted or with which he was neither charged nor convicted. Davis v. State; State v. Tyner, 506 So.2d 405 (Fla. 1987); Crouse v. State, 518 So.2d 287, 12 FLW 2280 (Fla. 2d DCA 1987); Powell v. State, 495 So.2d 828 (Fla. 1st DCA 1986). Accordingly, the fact that the victim was particularly vulnerable because of her mental retardation is an improper grounds for departure in this case involving the offense of sexual battery under § 794.011, Fla. Stat. (1985).
Since the victim's vulnerability resulting from her mental retardation may be construed as a valid basis for departure in one *491 respect and as an improper reason for departure in another respect, in an abundance of caution we shall construe it as an improper reason in violation of the prohibition contained in Fla.R.Crim.P. 3.701 d.11. See Vanover v. State, 514 So.2d 1140 (Fla. 5th DCA 1987). Because the departure sentence imposed was based on both valid and invalid reasons, and because the state has not proven that absent the improper reasons the departure would have been the same, we affirm the convictions but reverse the sentences and remand for resentencing.
SHIVERS and JOANOS, JJ., concur.