536 So.2d 296 (1988)
Suresh Bobby GOPAUL, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2151.
District Court of Appeal of Florida, Third District.
December 13, 1988.
Rehearing Denied January 23, 1989.
*297 Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT, and PEARSON, DANIEL S., JJ.
PER CURIAM.
The defendant appeals both his conviction and sentence for the offense of sexual battery committed upon a person under the age of eleven years. § 794.011(2), Fla. Stat. (1983). We affirm.
The defendant was seventeen years of age at the time he allegedly raped his nineteen-month-old cousin during a baby sitting session. Expert testimony and physical evidence revealed the area between the vagina and the anus had been lacerated most *298 probably with a cylindrical shaped, rounded instrument like that of a penis.
We reject the defendant's claim that his oral and written confessions were improperly admitted against him. They were procured only after adequate Miranda warnings had been given to both him and his mother. The rather scant circumstances of alleged police coercion constituted a question of fact which was resolved against the movant at the suppression hearing. Similarly, the enlarged colored photographs of the baby's pelvic area were relevant to the jury's understanding of expert testimony about the victim's injury. Likewise, the defendant's motion for new trial was properly denied as to his claim that his sister's confession constituted newly discovered evidence. The record demonstrates that both defendant and his mother were aware of the sister's alleged confession prior to the commencement of his trial. Moreover, the physical evidence of the destructive laceration of the victim was more consistent with the vaginal area having been penetrated by the defendant than through any force exerted by his thirteen-year-old sister's finger or hand. Furthermore, there was the likelihood that the sister's alleged confession was a product of family coercion for the purpose of exculpating the defendant.
The trial court enhanced the defendant's sentence on express written findings that he had: a) violated his position of trust as a baby-sitter; b) inflicted psychological and emotional damage on the victim; and c) committed the crime in an odious and repugnant manner upon a particularly vulnerable victim.
Analyzing the justifications for departure listed above, we determine that the trial court's first and third bases for departure constituted "clear and convincing" reasons supporting an enhanced sentence. Fla.R.Crim.P. 3.701(d)(11). Where a court determines that a defendant stood in a position of familial authority to a victim and by virtue of that relationship a special trust existed between the defendant and the victim which the defendant abused, there exists a valid reason for departure. Smith v. State, 525 So.2d 477 (Fla. 1st DCA 1988); Hawkins v. State, 522 So.2d 488 (Fla. 1st DCA 1988); Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), review denied, 471 So.2d 44 (Fla. 1985). See also Gardener v. State, 462 So.2d 874 (Fla. 2d DCA 1985) (departure from guidelines based on abuse of position of trust upheld); Jakubowski v. State, 494 So.2d 277 (Fla. 2d DCA 1986) (abuse of position of trust valid reason for upward departure sentence). As noted in Hawkins, this factor is not one which is common to virtually all sexual batteries, so it is also a valid reason in this regard. Hawkins, 522 So.2d at 490. Compare Hall v. State, 517 So.2d 692 (Fla. 1988); Mathis v. State, 515 So.2d 214 (Fla. 1987); Lerma v. State, 497 So.2d 736 (Fla. 1986). Contra Laberge v. State, 508 So.2d 416 (Fla. 5th DCA 1987).
In the instant case, the trial court determined that cousin, baby-sitter Gopaul occupied such a position of trust in relationship to his nineteen-month-old victim. We agree that Gopaul abused that trust and that this abuse represented a valid reason for departure from the sentencing guidelines.
Second, the odious and repugnant manner in which a crime is committed may represent a valid reason for departure. See Vanover v. State, 498 So.2d 899, 900-01 (Fla. 1986) (upward departure sentence held proper because facts rendered the crime a "highly extraordinary and extreme incident of aggravated battery"); see also Hall, 517 So.2d 692 (egregious conduct of defendants justified upward departure sentence). Here, defendant's confession combined with the evidence presented at trial as to the circumstances surrounding the event in total provide clear and convincing evidence that Gopaul used excessive brutality in committing his sexual battery upon the baby and in so doing acted in an odious and repugnant manner, justifying the court's determination that an enhanced sentence was appropriate. See Fla.R.Crim.P. 3.701(b)(3); Lerma, 497 So.2d 736 (excessive brutality may support a departure sentence against a defendant of sexual battery). See also Allen v. State, 502 So.2d 950 (Fla. 2d DCA 1987); Whitfield v. State, *299 515 So.2d 360 (Fla. 4th DCA 1987); Williams v. State, 500 So.2d 604 (Fla. 5th DCA 1986); Harvey v. State, 497 So.2d 996 (Fla. 5th DCA 1986).
We find only the trial court's second reason for its departure sentence an abuse of discretion. Psychological and emotional damage inflicted on a victim as a justification for an enhanced sentence was rejected in Lerma. As there noted, "[E]motional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim." Lerma, 497 So.2d at 739.
The record indicates that the trial court departed primarily because of the "aggressive, wilful manner, and violent manner" in which Gopaul attacked the victim. The trial judge made a specific finding that he would have enhanced Gopaul's sentence for any ground alone. We are satisfied by the entire record that the state has met its burden of proving beyond a reasonable doubt that the sentence would have been the same without the impermissible reason. Griffis v. State, 509 So.2d 1104 (Fla. 1987); Albritton v. State, 476 So.2d 158 (Fla. 1985).
Accordingly, the defendant's conviction and sentence are affirmed.