PER CURIAM.
In November of 1986, Daniel Grant, Jr., the defendant, attempted to steal a gun in order to sell it and buy “crack” cocaine. The gun was in the back pocket of a sleeping 57 year old gas station attendant, who awoke when the defendant tried to steal his gun, whereupon the defendant knocked him to the ground, beat him, and succeeded in pulling the gun from the attendant’s pants. The defendant then stood over the attendant, and shot him once in the head at close range, killing him. The defendant was found guilty of second degree murder, strong arm robbery, and illegal possession of a firearm by a convicted felon. Although the sentencing guidelines called for a sentence of between 17-22 years,[1] the *953 trial judge sentenced the defendant to 25 years incarceration, suspending three years during which the defendant would be placed on probation. The trial court based the upward departure upon the escalating pattern and the temporal proximity of the offenses committed, and also upon the vulnerability of the victim and the manner in which the murder was committed. We find the listed reasons for departure invalid under the facts of this case and reverse.
Our review of the record reflects that neither the defendant’s prior criminal history nor the temporal proximity of the offenses committed demonstrates the defendant’s involvement in a persistent or escalating pattern of criminal activity sufficient to justify departure. In 1981, the defendant was convicted of disorderly conduct and resisting arrest without violence. In 1982 he was convicted for resisting arrest without violence and hindrance of a MTA bus driver. In 1983, he was convicted of possession of marijuana and in January of 1986 he was convicted of criminal mischief. In December of 1986, he was convicted of disorderly conduct and a bench warrant was issued. These five convictions over a period of five years were all for misdemeanors and do not support either a finding of an escalating pattern of criminal activity or a persistent pattern of criminal activity based upon the timing of the offenses.
Finally, the fact that the victim was 57 years old and had been sleeping prior to the attack does not establish the victim’s vulnerability as a proper reason for departure. See Williams v. State, 492 So.2d 1308 (Fla.1986) (fact that victim was stabbed while sleeping held insufficient reason for departure); Johnson v. State, 517 So.2d 792 (Fla. 3d DCA 1988) (fact that murder victim was 57 years old and drunk at time of murder held invalid reason for departure); Harmon v. State, 506 So.2d 500 (Fla. 1st DCA 1987) (fact that one robbery victim was 52 years old held invalid reason for departure).
Accordingly, we vacate the sentence, and reverse and remand for resentencing within the 17-22 years guideline range.
Reversed and remanded.

. The guideline sentence was elevated from 12-17 years to 17-22 years based on the fact that the defendant was subject to an outstanding bench warrant. Under Rule 3.988(a)(IV), Florida Rules of Criminal Procedure, 21 points are added to a defendant's scoresheet if the defendant's legal status at the time of the offense involves a “legal constraint." Rule 3.701(d)(6), Florida Rules of Criminal Procedure, defines legal status at the time of an offense as including “fugitives who have ... failed to appear for a criminal judicial proceeding.” Here the defendant was subject to an outstanding bench warrant which causes him to come within this rule, thus justifying the addition of the 21 points which elevated his guideline sentence range. See Gemme v. State, 508 So.2d 533 (Fla. 2d DCA 1987) (defendant subject to New York warrant fell within the definition of legal status causing added scoresheet points).