ERVIN, Judge.
Appellant, Eddie Roger Wilson, seeks review of the upward departure sentences which were imposed following his convictions for two counts of lewd and lascivious assault on his stepdaughter, arguing that the reasons given therefor are invalid. We find two of the three reasons given to be valid and affirm under Albritton v. State, 476 So.2d 158 (Fla.1985).
Appellant was originally charged with two counts of lewd and lascivious assault on a child under 16 years of age, second degree felonies, and one count of sexual battery on a child under age 12, a life felony. As a result of a plea bargain, the life felony was nolle prossed and appellant entered nolo contendere pleas to the two lewd and lascivious assault counts. The recommended sentence under the guide *875 lines was 5V2 to 7 years’ incarceration. The trial court, however, imposed upward departure sentences consisting of a sentence of 15 years’ incarceration for the first count and a sentence of 10 years’ incarceration followed by 5 years’ probation on the second count. The trial court gave the following written reasons to support the departure sentence:
1. The victim in this case is the defendant’s stepdaughter, who suffers from mild mental retardation, and by virtue thereof she was in a particularly vulnerable position because of the trust she placed in the defendant. Hawkins v. State, 522 So.2d 488 (Fla. 1st DCA 1988).
2. Because the sexual assault was committed by one in a position of familial authority and the defendant was convicted of a crime not predicated upon the existence of such relationship, the usual mental trauma which was caused to the victim was not inherent in the crime itself and not factored into the sentencing guidelines.
3. The trauma suffered by the victim was of such an aggravated nature as to exceed that which is inherent in the usual case of a lewd and lascivious act and demonstrable physical manifestations resulted from the trauma.
We find the first reason given for departure — increased vulnerability of the victim, because she suffered from mild mental retardation — to be a valid reason justifying departure under Hawkins v. State, 522 So.2d 488 (Fla. 1st DCA 1988). In so saying, we are mindful of Laberge v. State, 508 So.2d 416 (Fla. 5th DCA 1987), in which the Fifth District held that the child victim’s increased vulnerability resulting from his handicapped condition (autism) was not a valid reason for departure. Because our decision today appears to conflict with Laberge, we certify our conflict to the supreme court.
The second reason given by the court was that appellant abused the trust established through his position of familial authority. We find this reason to be valid under Smith v. State, 525 So.2d 477 (Fla. 1st DCA 1988). However, we note certain language contained in Hall v. State, 517 So.2d 692 (Fla.1988) (natural parents convicted of aggravated child abuse involving their two children),[1] and Laberge[2] raises the question of whether abuse of a position *876 of familial authority may be a valid reason under circumstances such as those at bar. Consequently, we certify not only conflict with Laberge, but also the following question as one of great public importance:
Whether abuse of a position of familial authority over a victim may constitute a clear and convincing reason justifying the imposition of a departure sentence for convictions of lewd and lascivious assault upon a child under 16 years of age?
We do not, however, find the third reason given by the trial judge for the departure — aggravated nature of the psychological trauma sustained by the victim — to be a valid reason under the circumstances presented. Generally, emotional hardship can never constitute a clear and convincing reason for departure in lewd and lascivious assaults; however, there may be some circumstances in which the emotional trauma suffered by the victim is clearly not inherent in the offense charged or is so substantial that it results in a discernible physical manifestation. Barrentine v. State, 521 So.2d 1093, 1094 (Fla.1988). Although the victim in the instant case was very severely traumatized, we believe this case is more properly aligned with those applying the general rule, rather than the exception thereto, that emotional trauma is not a valid reason for departure. See Barrentine, Lerma v. State, 497 So.2d 736 (Fla.1986), receded from on other grounds, State v. Rousseau, 509 So.2d 281 (Fla.1987); Blackshear v. State, 513 So.2d 174 (Fla. 1st DCA 1987), approved in part, quashed on other grounds, 531 So.2d 956 (1988). Cf. Harris v. State, 531 So.2d 1349 (Fla.1988); Hall v. State, 517 So.2d 692 (Fla.1988); Casteel v. State, 498 So.2d 1249 (Fla.1986); Smith v. State, 526 So.2d 1060 (Fla. 1st DCA 1988).
Appellant also challenges the sentence, arguing that the trial judge imposed a departure sentence under an erroneous conclusion that a period of at least ten years’ incarceration was required for appellant to complete the mentally disordered sex offender program. We note that a defendant's apparent need for mental treatment is not a clear or convincing reason for imposing an extended term of imprisonment. Young v. State, 455 So.2d 551, 552 (Fla. 1st DCA 1984), approved, 476 So.2d 161 (1985). Accord Laberge. However, because this reason was not one of the written reasons offered by the trial judge to justify the departure sentence, we specifically make no ruling in this regard.
In conclusion, while the departure sentences were imposed based upon two valid reasons and one invalid reason, we conclude, applying the reasonable doubt standard of Albritton, that the lower court would have imposed the same sentences in the absence of the invalid reason. Therefore, the departure sentences are
AFFIRMED.
WENTWORTH, J., concurs.
ZEHMER, J., concurs and dissents with written opinion.

. One of the three reasons given to justify the departure sentence in Hall was that the "[ajggra-vated child abuse was committed against these young victims by their natural parents, persons in a special position of trust within the family unit.” Hall, 517 So.2d at 694. In concluding that it could not sustain that reason as a valid reason for departure, the court stated:
There are, of course, some cases of child abuse which occur outside the family unit. However, since the use of familial authority exists in so many child abuse cases, its adverse effect may have been taken into consideration in the setting of the guidelines ranges for that offense. In any event, to permit a built-in basis for departure in so many child abuse cases would be contrary to the purpose and spirit of the sentencing guidelines. Thus, we find that the trial judge’s third reason for departure was invalid.
Id. at 695.

. One of the three reasons given for departure in Laberge was that the defendant, a teacher’s aide, had "violated a public and private trust resulting from the defendant’s custodial control over the child victim,” an eight-year-old autistic boy. Laberge, 508 So.2d at 416. In determining that the reason was not valid, the Fifth District stated:
Everyone in society is vulnerable and must trust others to not harm or hurt or steal. Everyone who breaks a criminal law violates this trust. Being naturally innocent in sexual matters, all children are especially vulnerable to the physical, mental, and emotional harm that can result from exposure to gross adult lewd acts. To protect children from that harm is the very purpose for section 800.04, Florida Statutes, which prohibits lewd acts on, or in the presence of, children. While, of course, some such acts are committed by strangers to the children, unhappily experience shows that such statutes are most commonly violated by persons who take advantage of a trust position involving the care, custody, teaching, and training of children, such as educational, religious, social, and child care workers, relatives, stepparents, and babysitters (a true one to one trust relationship). Because it is only a difference in degree that all children are vulnerable to being victimized by lewd acts and because all who violate this statute also violate some degree of trust, departure from the recommended guidelines sentence for the basic offense of lewd acts on or in the presence of a child (section 800.04, Florida Statutes), should not be based on these two particular factors.
Id. at 417 (footnote omitted).