557 So.2d 669 (1990)
Anthony GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 89-292.
District Court of Appeal of Florida, Fifth District.
March 1, 1990.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Chief Judge.
Defendant, Anthony M. Graham, appeals from the sentence imposed following his *670 plea of no contest to the charge of lewd and lascivious assault upon a child in violation of section 800.04, Florida Statutes (1987).[1] Defendant argues that the reasons stated by the trial court for imposing a departure sentence are invalid. We agree and reverse.
Following the entry of the defendant's plea of no contest, the trial court adjudged the defendant to be guilty, departed from the guidelines, and sentenced him to 15 years incarceration. The trial court prepared a written order for such departure stating as its reasons, the following:
1. The fact that the offense was committed in the same room and in close proximity to the victim M.K.'s sister who was only 5 years of age.
2. The age of the victim, M.K., to wit: eight (8) years, and the fact that said child was vulnerable because of her age.
3. The victim M.K. was vulnerable because she was at home asleep when the defendant approached her to commit the offense.
4. The victim M.K. was vulnerable because the defendant stood in a position of trust as baby sitter to the victim, which position the defendant abused in committing the instant offenses.
We consider the given reasons seriately.

1. The fact that the offense was committed in the same room and in close proximity to the victim M.K.'s sister who was only 5 years of age.

The record contains no evidence to support the trial court's finding that the offense was committed in the same room and in close proximity to the victim's sister. There being nothing of record to support such finding, such reason cannot be held to be a valid reason for departure. See Duncan v. State, 532 So.2d 674 (Fla. 1st DCA 1988).

2. The age of the victim, M.K., to wit: eight (8) years, and the fact that said child was vulnerable because of her age.

This is not a proper reason for departure since the age of the victim is itself an inherent component of the offense charged. See Molden v. State, 530 So.2d 1000 (Fla. 1st DCA 1988). See also § 800.04, Fla. Stat. (1987).

3. The victim M.K. was vulnerable because she was at home asleep when the defendant approached her to commit the offense.

This is also not a valid reason for departure. See Williams v. State, 492 So.2d 1308 (Fla. 1986), in which the supreme court stated:
The final reason the trial court gave for departing from the guidelines was that the defendant stabbed the victim while she was sleeping and therefore more vulnerable. This factor alone is not a clear and convincing reason to depart.
492 So.2d at 1309. See also Grant v. State, 547 So.2d 952 (Fla. 3d DCA 1989); Brown v. State, 511 So.2d 719 (Fla. 1st DCA 1987).

4. The victim M.K. was vulnerable because the defendant stood in a position of trust as baby-sitter to the victim, which position the defendant abused in committing the instant offenses.

This court, in Laberge v. State, 508 So.2d 416 (Fla. 5th DCA 1987), specifically held that departure from the recommended guidelines sentence for the offense of lewd and lascivious assault could not be based on a finding that the child victim was vulnerable or upon a finding that the defendant had abused a position of trust. In *671 Laberge, the defendant was found guilty of committing a lewd assault upon an 8 year old autistic child who was attending the school at which the defendant was employed as a teacher's aid. In reviewing the departure sentence imposed, we stated:
Everyone in society is vulnerable and must trust others to not harm or hurt or steal. Everyone who breaks a criminal law violates this trust. Being naturally innocent in sexual matters, all children are especially vulnerable to the physical, mental, and emotional harm that can result from exposure to gross adult lewd acts. To protect children from that harm is the very purpose for section 800.04, Florida Statutes, which prohibits lewd acts on, or in the presence of, children. While, of course, some such acts are committed by strangers to the children, unhappily experience shows that such statutes are most commonly violated by persons who take advantage of a trust position involving the care, custody, teaching, and training of children, such as educational, religious, social, and child care workers, relatives, stepparents, and baby sitters (a true one-to-one trust relationship). Because it is only a difference in degree that all children are vulnerable to being victimized by lewd acts and because all who violate this statute also violate some degree of trust, departure from the recommended guidelines sentence for the basic offense of lewd acts on or in the presence of a child (section 800.04, Florida Statutes), should not be based on these two particular factors. (footnote omitted).
* * * * * *
In considering whether emotional harm is a valid reason for departure in sexual battery cases, the supreme court in Lerma v. State, 497 So.2d 736, 739 (Fla. 1986) stated that "emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional harm on the victim." (emphasis supplied). We understand Lerma to hold that any factor, though not an element of the offense, that is commonly appurtenant to the offense, such as emotional harm in a sexual battery case, should not be used to authorize a departure sentence because, contrary to the intent of guidelines sentencing, a departure sentence, rather than the recommended sentence, could be authorized in most cases. All we hold here is that as emotional harm is a common factor to sexual battery, so "vulnerability" and "breach of trust" are factors common in child molestation cases. Abuse of trust and vulnerability are somewhat vague, subjective concepts. If they are held to authorize departure sentences, the "exceptional case" will become the rule, and departure sentences, rather than recommended sentences, will be authorized in a large percentage of all sentences based on violations of section 800.04, Florida Statutes.
508 So.2d at 417-418. See also Harper v. State, 521 So.2d 163 (Fla. 5th DCA 1988).
The state acknowledges Laberge but argues that this court should recede therefrom, pointing out that the first and the third districts have ruled that violation of a position of trust is a valid reason for departing from the sentencing guidelines in child molestation cases. See Gopaul v. State, 536 So.2d 296 (Fla. 3d DCA 1988); Ross v. State, 478 So.2d 480 (Fla. 1st DCA 1985); Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), review denied, 471 So.2d 44 (Fla. 1985).
The state also urges this court to recede from Laberge because in Davis v. State, 517 So.2d 670 (Fla. 1987), the supreme court made reference to the decision in Williams. In Davis, the defendant pleaded guilty to second degree murder resulting from the shooting death of her husband. In sentencing the defendant, the trial court exceeded the guidelines based in part on the defendant's abuse of the trust of the family relationship. The district court affirmed. On review, the supreme court reversed, explaining as follows:
The second reason for departure, abuse or breach of trust, has been found to constitute a clear and convincing reason to justify departure in some situations. See Hankey v. State, 485 So.2d 827 (Fla. *672 1986) (burglary victim gave defendant job and entrusted him with key to fulfill duties and defendant abused position by using key to enter place of business after hours and steal money and items of value); Gardener v. State, 462 So.2d 874 (Fla. 2d DCA 1985) (teacher abused position of trust by selling cocaine on school property). See also Steiner v. State, 469 So.2d 179 (Fla. 3d DCA) review denied, 479 So.2d 118 (Fla. 1985). In each of these cases, the crime committed was directly related to the trust conferred on the defendant and the trust was the matter that made possible the commission of the crime. In the instant case, no particular trust bestowed on Davis by the victim formed the foundation of the crime; the crime was not directly related to a specific trust as in the above cases. In Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), review denied, 471 So.2d 44 (Fla. 1985) relied on by the district court below, an upward departure was upheld based on the fact that the stepfather used his "familial authority" to enable him to commit a lewd, lascivious or indecent assault on his ten-year-old stepdaughter. Davis, in contrast, did not take advantage of a position of authority over a victim who was a young child. Further, were we to uphold a departure from the guidelines in this case based on abuse of the trust of a family relationship, it would serve as authority to do the same in most cases involving the killing of a spouse or other family member. If the sentencing commission had intended to impose a harsher sentence on those convicted of a second degree murder when the victim was the defendant's spouse, it would have created a separate category for spousal homicide for purposes of establishing a score under the sentencing guidelines. Cf. [State v.] Mischler, 488 So.2d 523 at 526 [(Fla. 1986)]. Although abuse of the trust of a family relationship may justify departure in some instances, this is not a clear and convincing reason for departure under the facts at hand.
517 So.2d at 673-674.
In Hall v. State, 517 So.2d 692 (Fla. 1988), however, the supreme court specifically addressed the issue of whether an abuse of trust is a valid reason for departure in a child abuse case. In Hall, the defendants, husband and wife, each pleaded no contest to two counts of aggravated child abuse of their two children. The trial court, in sentencing the parents, imposed a sentence which exceeded the guidelines and expressed as a reason for the departure the fact that the "aggravated child abuse was committed against these young victims by their natural parents, persons in a special position of trust within the family unit." The departure sentence was affirmed by the district court of appeal but, on appeal to the supreme court, the supreme court ruled that it was error for the trial court to depart based on the parents' breach of a trust relationship:
[W]e are unable to sustain the third reason for departure. There are, of course, some cases of child abuse which occur outside the family unit. However, since the use of familial authority exists in so many child abuse cases, its adverse effect may have been taken into consideration in setting of the guidelines ranges for that offense. In any event, to permit a built-in basis for departure in so many child abuse cases would be contrary to the purpose and spirit of the sentencing guidelines. Thus, we find that the trial judge's third reason for departure was invalid.
517 So.2d at 695. We conclude that the reasoning in Hall indicates that the supreme court will not endorse breach of trust as a valid reason for departure in child molestation cases.
We understand the frustration experienced by trial judges and by prosecutorial agencies from restrictions imposed on them by the sentencing guidelines. We frequently experience the same frustration. We must continue to point out, however, that our job, and the job of trial courts, is to apply the statutory law as we find it expressed by the legislature, not as we wish it to be. If guidelines are not to be observed in restricting sentences imposed *673 on the particularly heinous crime here, or others equally heinous, then it is for the legislature to so state after, of course, providing the prison space to securely hold those sentenced. To hold otherwise would be to flaunt or ignore the well established principle of separation of powers enunciated in the constitution which governs us all.
Sentence VACATED; case REMANDED for resentencing within the guidelines.
COBB and W. SHARP, JJ., concur.
NOTES
[1] Section 800.04 provides:

800.04 Lewd, lascivious, or indecent assault or act upon or in presence of child; sexual battery.  Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years
without committing the crime of sexual battery is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.