DAUKSCH, Judge.
This is an appeal from a guidelines departure sentence.
On January 27, 1989, appellant pled nolo contendere to a charge of lewd or lascivious assault upon a child in violation of section 800.04(1), Florida Statutes (1987). Appellant’s sentencing guidelines score-sheet total resulted in a recommended range of any nonstate prison sanction, but appellant was sentenced to five years in state prison with credit for one day served, with the condition that after serving two and one-half years, the sentence shall be suspended and appellant placed on probation for the remaining term of the’ sentence.
The trial court gave the following reasons for departure:
1. The defendant is the stepfather of the victim herein and was living under the same roof as the victim, and took advantage of that position of trust in committing the offense in the instant case.
2. Given the fact that there is a potential for reoccurrence during the treatment that could be afforded to the defendant were he treated on an outpatient basis vs. an inpatient basis, the protection of society warrants a departure sentence whereby the defendant can be placed in state prison and receive inpatient treatment through the North Florida Evaluation and Treatment Center. In other words, were the defendant placed on probation and required to undergo outpatient counseling for sexual offenders, given the testimony of [a mental health counselor] herein, the defendant poses a potential threat to recommit the offense herein.
In Laberge v. State, 508 So.2d 416 (Fla. 5th DCA 1987), this court held that violation of a position of trust is not a valid reason for departure:
Everyone in society is vulnerable and must trust others not to harm or hurt or steal. Everyone who breaks a criminal law violates this trust. Being naturally innocent in sexual matters, all children are especially vulnerable to the physical, mental and emotional harm that can result from exposure to gross adult lewd acts. To protect children from that harm is the very purpose of section 800.04, Florida Statutes which prohibits lewd acts on, or in the presence of children.
508 So.2d at 417. Recently, in Graham v. State, 557 So.2d 669 (Fla. 5th DCA 1990), this court reaffirmed Laberge, noting that the Supreme Court of Florida stated in Hall v. State, 517 So.2d 692 (Fla.1988) in a case involving aggravated child abuse:
There are of course some cases of child abuse which occur outside the family unit. However, since the use of familial authority exists in so many child abuse cases, its adverse effect may have been taken into consideration in the setting of the guideline ranges for that offense. In any event, to permit a built in basis for departure in so many child abuse cases would be contrary to the purpose and spirit of the sentencing guidelines.
517 So.2d at 695. Thus, this court concluded that the supreme court would not endorse breach of trust as a valid reason for departure in child molestation cases. We therefore hold that the court’s first reason *445 for departure in the instant case was not a valid reason for departure.
The second reason for departure stated by the court above seems to combine two discrete departure reasons, the potential for reoccurrence and the protection of society, but neither is an adequate departure reason. In Dixon v. State, 492 So.2d 410 (Fla. 5th DCA 1986), this court held that speculation about possible future conduct of a defendant is not a valid reason for departure. Also, a long line of cases have held that protection of society is an invalid reason for departure from a recommended guidelines sentence. See e.g. Ridgeway v. State, 555 So.2d 960 (Fla. 1st DCA 1990); Dowling v. State, 495 So.2d 874 (Fla. 5th DCA 1986). Therefore, both reasons stated by the court in its second finding are invalid reasons for départure.
Since each reason cited by the court is invalid, we vacate appellant’s sentence and remand for sentencing within the recommended guidelines range.
SENTENCE VACATED; REMANDED.
COWART and GRIFFIN, JJ., concur.