567 So.2d 425 (1990)
Eddie Roger WILSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 74872.
Supreme Court of Florida.
September 6, 1990.
Rehearing Denied October 30, 1990.
*426 Barbara M. Linthicum, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
We review Wilson v. State, 548 So.2d 874 (Fla. 1st DCA 1989), in which the district court certified conflict with Laberge v. State, 508 So.2d 416 (Fla. 5th DCA 1987), and also certified a question to be of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. The issue is whether the trial judge properly departed from the sentencing guidelines in imposing sentence on Wilson. The specific question certified is:
Whether abuse of a position of familial authority over a victim may constitute a clear and convincing reason justifying the imposition of a departure sentence for convictions of lewd and lascivious assault upon a child under 16 years of age?
548 So.2d at 876. We answer the question in the negative, quash the opinion under review, approve Laberge, and direct that the case be remanded to the trial court for resentencing.
Wilson pled guilty to two counts of lewd and lascivious assault on a child under sixteen years of age.[1] The recommended *427 sentence under the guidelines was five and one-half to seven years' incarceration. After a detailed sentencing proceeding which fully advised the trial judge of the circumstances of the events leading to the pleas, the judge imposed upward departure sentences of fifteen years' incarceration for the first count and ten years' incarceration followed by five years' probation on the second count. His written reasons were:
"1. The victim in this case is the defendant's stepdaughter, who suffers from mild mental retardation, and by virtue thereof she was in a particularly vulnerable position because of the trust she placed in the defendant. Hawkins v. State, 522 So.2d 488 (Fla. 1st DCA 1988).
2. Because the sexual assault was committed by one in a position of familial authority and the defendant was convicted of a crime not predicated upon the existence of such relationship, the usual mental trauma which was caused to the victim was not inherent in the crime itself and not factored into the sentencing guidelines.
3. The trauma suffered by the victim was of such an aggravated nature as to exceed that which is inherent in the usual case of a lewd and lascivious act and demonstrable physical manifestations resulted from the trauma."
548 So.2d at 875. The district court approved the first and second reasons for departure, but disapproved the third. Id. at 875-76.
A departure sentence should be reviewed by looking at the reasons therefor individually and collectively. Any doubt as to the applicability of a departure reason must be resolved in favor of the defendant.
In Lerma v. State, 497 So.2d 736 (Fla. 1986), we analyzed justification for departure in a sexual battery case. The Laberge court understood our intent in Lerma to be
that any factor, though not an element of the offense, that is commonly appurtenant to the offense, such as emotional harm in a sexual battery case, should not be used to authorize a departure sentence because, contrary to the intent of guidelines sentencing, a departure sentence, rather than the recommendend sentence, could be authorized in most cases.
508 So.2d at 417.[2] We agree with the Laberge court that, "as emotional harm is a common factor to sexual battery, so `vulnerability' and `breach of trust' are factors common in child molestation cases."[3]Id. Thus, we answer the certified question in the negative and hold that the district court incorrectly found the first two reasons for departure to be valid. This does not end our inquiry, however, because, on the facts of this case the third reason for departure is valid.
In Hall v. State, 517 So.2d 692 (Fla. 1988), we recognized that extraordinary trauma could be a proper basis for departure. As explained in State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987), however, this exists only in "extraordinary circumstances clearly not inherent in the crime charged" or "when the victim has a discernible physical manifestation resulting from the psychological trauma." The facts of this case present such extraordinary circumstances. The psychologist who examined the victim testified that she sees eighty to one hundred children a year and that only three or four exhibit trauma as severe as this victim's. *428 She also testified as to the child's violent thought processes. The psychologist, the child's guardian ad litem, and the child's mother reported various disturbed acts, including the child's stabbing and decapitating, with a razor, toys Wilson had given to her. Other symptoms included nightmares, physical pains that had no medical basis, and her refusal to enter her former bedroom, on the door of which she put a sign reading "bad room, do not enter."
Although the trial court's third reason for departure is valid, in view of the two invalid reasons we are unable to determine beyond a reasonable doubt whether a departure sentence would have been imposed based on that reason alone. Albritton v. State, 476 So.2d 158 (Fla. 1985). Therefore, we direct the district court to remand for resentencing.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] § 800.04, Fla. Stat. (1985), provides:

Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years
without committing the crime of sexual battery is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.
[2] In discussing Hankey v. State, 485 So.2d 827 (Fla. 1986), in Lerma v. State, 497 So.2d 736, 739 (Fla. 1986), we stated "that emotional hardship is not an inherent component of the crime of burglary." Because the issue of whether emotional hardship was inherent in burglary was not presented in Hankey, however, we receded from the above-quoted language in State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987), and held "that the type of psychological trauma to a victim that usually and ordinarily results from being a victim of the charged crime is inherent in the crime and may not be used to justify departure." The district court's understanding in Laberge v. State, 508 So.2d 416, 417 (Fla. 5th DCA 1987), of Lerma is consistent with our later clarification of Lerma in Rousseau.
[3] There is no evidence that Wilson took the action he did because of, or that his acts were facilitated by, the child's retardation. Compare Hawkins v. State, 522 So.2d 488 (Fla. 1st DCA 1988).