574 So.2d 1074 (1991)
Kenneth Richard CUMBIE, Petitioner,
v.
STATE of Florida, Respondent.
No. 76216.
Supreme Court of Florida.
January 3, 1991.
Rehearing Denied March 4, 1991.
Barbara M. Linthicum, Public Defender, and Nancy L. Showalter, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Cumbie v. State, 562 So.2d 845 (Fla. 1st DCA 1990), which certified a question similar to one recently answered by this Court in Wilson v. State, 567 So.2d 425 (Fla. 1990):
Whether abuse of a position of familial authority over a victim may constitute a clear and convincing reason justifying the imposition of a departure sentence for a conviction of attempted capital sexual battery?
Cumbie, 562 So.2d at 845. The court below erroneously stated that it had certified the same question in both cases. Id. The questions differed only in that Wilson dealt with lewd and lascivious assault on a child and the present case deals with capital sexual battery.
We believe this factual difference alone is not sufficient reason to require a different answer to the certified questions. Familial authority is not a necessary element of either lewd and lascivious assault on a child, or capital sexual battery. Thus, the factual difference between the questions in Wilson and the present case is essentially irrelevant. As we stated in Wilson, any act of child molestation involves an abuse of authority and breach of trust. A factor should not be approved as a valid reason for departure if it routinely will authorize departure sentences. Wilson; State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987). Accordingly, we answer the question in the negative, quash the opinion under review, and remand for further proceedings in keeping with our opinion in Wilson.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.