PER CURIAM.
Perkinson was convicted and sentenced for seven counts of lewd and lascivious assault or act upon or in the presence of a child. He asserts on appeal that: (1) The departure sentences which were imposed following his convictions are illegal in that the reasons given for departure are invalid, and (2) the trial court erred in denying appellant’s motion for judgment of acquittal on two counts. We find that the questions raised in issue II have not been properly preserved for appeal and affirm as to that issue without further comment. We agree with the appellant, however, that the reasons given for departure were invalid.
The stated reasons for imposing the departure from the sentencing guidelines were (1) The vulnerability of the victims due to their ages, and (2) the relationship between the appellant and the victims. The state concedes that the vulnerability of the victims due to their ages is an invalid departure reason. Graham v. State, 557 So.2d 669 (Fla. 5th DCA 1990), rev. denied, 567 So.2d 435 (Fla.1990).
Furthermore, the Florida Supreme Court has determined that both “vulnerability” and “breach of trust” are factors common in child molestation cases and, as such, neither of those reasons will support a departure sentence. Wilson v. State, 567 So.2d 425, 427 (Fla.1990).
We, therefore, affirm the convictions but vacate the sentence and remand to the trial court for resentencing within the sentencing guidelines.
JOANOS, BARFIELD and WOLF, JJ., concur.