593 So.2d 1155 (1992)
Lester FIRKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0873.
District Court of Appeal of Florida, Fourth District.
February 12, 1992.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
This court reversed appellant's first conviction for sexual battery of a child eleven years of age or younger and on remand directed the trial court to enter judgment for attempted sexual battery of a child eleven years of age or less and to resentence appellant. 557 So.2d 582. The trial court modified the judgment of conviction in accord with this court's direction but departed from the sentencing guidelines when it resentenced appellant to the maximum allowable sentence of thirty years, with credit "for all time served." The trial court justified its departure sentence in a written order which cited three grounds for its departure:
1. Familial custodial authority held by the Def. over the victim
2. Extreme vulnerability of the victim at the time of the occurrence coupled with the resulting

*1156 3. Extraordinary mental trauma imposed upon an eight year old child, scarring her psychologically for life.
We reverse.
The supreme court rejected "familial custodial authority" as a valid reason for departure in Wilson v. State, 567 So.2d 425 (Fla. 1990) and Cumbie v. State, 574 So.2d 1074 (Fla. 1991); accord Watson v. State, 579 So.2d 900 (Fla. 4th DCA 1991). The victim's extreme vulnerability does not provide a valid reason for departure because appellant's crime, attempted sexual battery of a child eleven years of age or younger, contemplates the victim's tender years and vulnerability. See Leon v. State, 498 So.2d 680 (Fla.3d DCA 1986).
As to the third reason for departure, the supreme court stated in State v. Rousseau, 509 So.2d 281 (Fla. 1987) "that almost all victims of a crime will feel some type of trauma; this type of trauma which usually and ordinarily results from being a victim of a crime is inherent in the crime and may not be used to justify departure." Id. at 284. While the cases of Hall v. State, 517 So.2d 692 (Fla. 1988) and Wilson v. State, 567 So.2d 425 (Fla. 1990) approved departure based on the extreme trauma suffered by the victim, the facts sub judice do not merit the same result. In those cases, unlike the one before us, the records contained substantial testimony, including that of experts, which established that the victims' psychological and physical manifestations were extraordinary even for the type of trauma suffered.
Accordingly, we reverse and remand for resentencing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla. 1985).
REVERSED and REMANDED.
ANSTEAD and LETTS, JJ., concur.