COPE, J.
(concurring).
I join the opinion regarding the claim of trial error but specially concur with regard to the sentence departure.
While the minor child was residing with the mother, the child was sexually assaulted by two uncles and a grandfather. The uncles and grandfather were prosecuted. The defendant, who is the father, knew this had happened and was a witness at one of the trials.
Because of these unfortunate circumstances, custody was transferred to the defendant father. Plainly the entire purpose of changing custody was to place the child in an environment where she would be protected from any further sexual abuse. The protector then became the abuser. Having been placed with defendant in a supposedly safe environment, the child was subjected to the horrendous circumstance of experiencing further abuse, this time from the defendant — the very one who was supposed to be affording protection.
A sentence departure cannot be based on “the odious and repugnant nature of this crime,” opinion at 2, because the nature of the crime (sexual battery by a person in a position of familial or custodial authority) is deemed to have been factored into the sentencing guidelines. See Wilson v. State, 567 So.2d 425 (Fla.1990). However, I concur that “the odious and repugnant manner in which a crime is committed may represent a valid reason for departure,” Gopaul v. State, 536 So.2d 296, 298 (Fla. 3d DCA 1988) (emphasis added), and that the factual circumstances of this case justify departure.