360 So.2d 474 (1978)
Bernard Francis DeCASTRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1318.
District Court of Appeal of Florida, Third District.
July 11, 1978.
*475 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before HAVERFIELD, C.J., PEARSON, J., and CRAWFORD, GRADY L. (Ret.), Associate Judge.
PER CURIAM.
Bernard Francis DeCastro appeals his conviction of robbery of a convenience store with the use of a firearm.
DeCastro first urges as reversible error the failure of the trial court to instruct the jury that criminal intent (the intent to permanently deprive) is an element of the offense of robbery.
The point lacks merit because this court in Bell v. State, 354 So.2d 1266 (Fla. 3d DCA 1978) held that as defined under Section 812.13, Florida Statutes (1975) robbery is a general intent offense and, therefore, specific intent is no longer a requisite element. In addition, the record reflects that defense counsel raised no objection to the instructions on robbery given by the court.
Appellant also argues that the trial court erred in refusing to have certain testimony read to the jury after it had retired and made a request therefor.
Three eyewitnesses, employees of the convenience store burglarized, testified that in addition to other characteristics they were able to identify appellant by virtue of his facial scars and/or pockmarks. After retiring to deliberate, the jury transmitted to the trial court a note in effect requesting the testimony of the three eyewitnesses given in response to defense counsel's questions with respect to their description of the robber and his facial markings. The court informed the jury that it was not practical to read back only portions of the testimony and all of the testimony would have to be read back which would take too long. The jury deliberated further and returned a verdict of guilty.
Under Fla.R.Crim.P. 3.410,[1] it is within the trial court's discretion to have the court reporter read back testimony of witnesses upon request of the jury. Simmons v. State, 334 So.2d 265, 267 (Fla. 3d DCA 1976). We agree that a reading back of all the eyewitness' testimony in the instant case was impractical, as well as having the court reporter search the entire record and have only those portions of the eyewitness' testimony containing the description of the robber read back to the jury. There being no abuse of discretion, we find no error. See Simmons, supra, and Matire v. State, 232 So.2d 209, 211-12 (Fla. 4th DCA 1970).
Affirmed.
NOTES
[1] "Rule 3.410. Jury Request to Review Evidence or for Additional Instructions

"After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant." [Emphasis Supplied]