BASKIN, Judge.
B.L. appeals the trial court’s denial of his motion to suppress his confession. We reverse.
After interviewing the five-year-old victim of an alleged sexual battery, the police contacted B.L.’s mother and scheduled an interview with thirteen-year-old B.L. His mother told the officers she wished to be present during the interview; nevertheless, the officers arrived an hour and a half late, after B.L.’s mother had left for work, and proceeded with B.L.’s interview despite his mother’s absence. The officers did not advise B.L. of his Miranda * rights even though he was their “sole suspect” and they had probable cause to arrest him.
At the hearing on the motion to suppress the statements obtained from B.L., the court made no inquiry in conformity with Doerr v. State, 383 So.2d 905 (Fla.1980) to determine why the officers interviewed the child in the absence of his parent; however, we base our reversal on other grounds.
Seeking to uphold the court’s decision permitting the admission of the statement as voluntarily obtained, the state argues that the interview constituted noncustodial interrogation, apparently because the police did not arrest B.L., citing United States v. Mendenhall, 446 U.S. 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The argument lacks merit.
In Alberti v. Estelle, 524 F.2d 1265,1267-68 (5th Cir.1975), cert. denied, 426 U.S. 954, 96 S.Ct. 3182, 49 L.Ed.2d 1194 (1976), the court adopted a four-factor test for determining whether a person is “in custody” for Miranda purposes:
*1179 We have attributed special significance to four factors: (1) probable cause to arrest, (2) subjective intent of the police, (3) subjective belief of the defendant, and (4) focus of the investigation, [United States v. Corolio, 507 F.2d 50, 52 (5th Cir.), cert. denied, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 105 (1975); Brown v. Beto, 468 F.2d 1284, 1286 (5th Cir.1972); United States v. Phelps, 443 F.2d 246,247 (5th Cir.1971); United States v. Montos, 421 F.2d 215, 223 (5th Cir.), cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970)].
In Alberti, the court rested its decision on two prior opinions dealing with custodial interrogation, United States v. Phelps, 443 F.2d 246 (5th Cir.1971) and Agius v. United States, 413 F.2d 915 (5th Cir.1969 )stating:
The Court spoke to the issue of whether Phelps was in custody within the meaning of Miranda as follows:
[I]f the investigation was not focused on the defendant when the officers entered the building, it certainly focused on him a few seconds later when the investigators discovered the illegal weapon in the showcase. We think that the presence of four officers in a man’s place of business holding a weapon which they discovered on the premises and which they have announced is illegal, presents a situation which is intimidating enough to warrant the application of the Miranda privileges and protections. The investigators had probable cause to arrest Phelps, and he had reason to believe that they would do so. Once the officers found the illegal weapon the investigation focused on Phelps, and the panoply of rights enunciated in Miranda became applicable. 443 F.2d at 248.
524 F.2d at 1267.
In Agius ... [t]he Court discussed the question of whether the defendant was ‘in custody’ at the time of the agents questioning in the following language:
[I]t is clear that appellant was deprived of his freedom of action in a significant way at least immediately after the agents saw the toy gun in his car. Assuming that prior to that time the questioning was non-custodial and investigatory, it is beyond the capacity of a reasonable mind to suppose appellant was ‘free to go’ after the discovery of the gun, viewed from whatever standpoint. The discovery of the gun, along with the resemblance between appellant and the robber, established probable cause and focused the identification. It must have made clear to both agents and appellant that the latter was going to be detained unless and until the investigation was clearly to take a different direction. The adversary process had, at least at that point, begun. Thus, the trial court’s findings regarding the admissibility of the statements made by appellant as a result of questioning initiated by the agents in an attempt to explain the presence of the gun are clearly erroneous. 413 F.2d at 918-19.
524 F.2d at 1268.
According to the cited authorities, no single factor renders the setting custodial. On the other hand, all the factors need not be present to establish a custodial setting. A case-by-case analysis is necessary. United States v. Lueck, 678 F.2d 895 (11th Cir.1982).
The principles adopted in Alberti were recognized in earlier cases. For example, in Windsor v. United States, 389 F.2d 530 (5th Cir.1968), the court suppressed an oral confession by a suspect who, prior to questioning in his motel room, was informed that he was not under arrest. The officers had learned of Windsor’s involvement from a co-defendant who furnished the officers with probable cause to arrest, causing the investigation to focus on Windsor. The court stated:
The Government agents’ testimony that Windsor was not a suspect and not under arrest when questioned in his motel room is belied by the facts of the case. We cannot permit Miranda principles to be so easily frustrated. Windsor was definitely the central figure in their investigation and should have been informed of his right to the presence of counsel.
*1180 Id. at 534. The court clearly established the sufficiency of probable cause and focus to render questioning custodial.
In the case before us, both probable cause and focus were present. B.L. was the sole, suspect. One officer testified that he had both probable cause and the intent to arrest B.L. According to Alberti, these facts are sufficient to qualify the interview as a custodial interrogation requiring Miranda warnings. See also United States v. Henry, 604 F.2d 908 (5th Cir.1979); United States v. Warren, 578 F.2d 1058 (5th Cir.1978) (en banc).
For these reasons, we reverse the trial court’s denial of the motion to suppress.

 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).