OTT, Chief Judge.
Elgertha Whitfield was charged with grand theft. The trial court granted her pretrial motion to suppress certain incriminating statements on the ground that she was not given Miranda[1] warnings. The state appeals, and we reverse.
On January 19, 1983, a man and a woman allegedly stole a sport coat from a Hubert Rutland Department Store. An alert store employee pursued the couple and recorded the auto tag number of the escape vehicle. Detective Robert Stinson of the St. Petersburg Police Department traced the auto tag number, determining that the record owner of the vehicle was Eugene Mullins. Detective Stinson went to his residence several days after the incident occurred at Rutland’s. Defendant answered the door. Stinson identified himself as a police officer; defendant identified herself as the girl friend of Mullins; Stinson was invited into the residence by defendant. Detective Stinson advised defendant of the incident and inquired as to the whereabouts of Mullins and who had use of the Camaro on that date. At that time, defendant informed the detective that she drove the Camaro to Rutland’s on the day in question and was followed from the store to her car by an unknown man who inquired about a coat that was inside the vehicle. Detective Stinson stated that he did not suspect that defendant was involved with the theft until after she made the above-described statements. He indicated that defendant was not advised of her Miranda rights, that he was at the residence for approximately twenty minutes, that another man was in the home at that time, and that defendant did not seem upset or frightened. As far as he was concerned, defendant was free to leave before or after she made the statements. Detective Stinson left, and defendant was arrested at a later date.
Defendant recalled answering the door and greeting Detective Stinson. The detective asked her who drove the Camaro located in the driveway. Defendant indicated that she and Mullins drove the vehicle. Detective Stinson asked her numerous questions about who drove the Camaro and *1156 whether she had ever been to Rutland’s. She felt that she had to talk to the detective. Defendant stated that she is always frightened when speaking with police officers.
Based on the fact that defendant was not advised of her Miranda rights, the trial court granted her motion to suppress the incriminating statements.
The state relies upon Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977), for reversal. We agree. Defendant, who was not taken into custody or deprived of her freedom of action in any significant way, was not subjected to custodial interrogation by Detective Stinson.[2] In the absence of such “custodial interrogation,” there is no requirement to give the Miranda warnings. See State v. Clark, 384 So.2d 687, 691 (Fla. 4th DCA), pet. for review denied, 392 So.2d 1372 (Fla.1980). Accordingly, we hold that the trial court erred in granting defendant’s trial motion to suppress the incriminating statements.
REVERSED and REMANDED for further proceedings.
BOARDMAN and LEHAN, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. In determining whether a defendant is "in custody," four factors are considered: (1) probable cause to arrest; (2) subjective intent of the police; (3) subjective belief of the defendant; and (4) focus of the investigation. B.L. v. State, 425 So.2d 1178, 1179 (Fla. 3d DCA 1983); United States v. Lueck, 678 F.2d 895, 900 (11th Cir.1982).