526 So.2d 207 (1988)
Robert A. LETTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0294.
District Court of Appeal of Florida, Fourth District.
June 8, 1988.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Appellant was convicted of the third-degree murder of his daughter, Taneshia, a three-year-old child. We affirm the conviction, finding no merit in the arguments advanced for reversal.
The trial court departed from the sentencing guidelines (which established a range of three to seven years' incarceration) and imposed a sentence of fifteen years, stating three grounds for departure. The first reason given was that appellant had abused a position of trust.
The Supreme Court of Florida addressed departure from the sentencing guidelines based on an abuse of trust of a family relationship in Davis v. State, 517 So.2d 670 (Fla. 1987), where a wife shot and killed her husband. The supreme court found that while abuse of trust of a family relationship *208 may justify departure in some instances, it was insufficient to do so there, because "no particular trust bestowed on [the defendant] by the victim formed the foundation of the crime...." Id. at 674. The court distinguished cases where the crime committed was directly related to the trust conferred on the defendant and the trust was the factor that made possible the commission of the crime. The court also distinguished Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), rev. denied, 471 So.2d 44 (Fla. 1985), where a stepfather used his "familial authority" to commit lewd and lascivious acts on his ten-year-old stepdaughter. Taking advantage of a position of family authority over the victim in that case was found to constitute a clear and convincing reason for departure. See also and compare Jakubowski v. State, 494 So.2d 277 (Fla. 2d DCA 1986); Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986).
Most recently, in Hall v. State, 517 So.2d 692 (Fla. 1988), the supreme court reviewed a departure based, inter alia, on "a special position of trust within the family unit." In Hall the parents beat their two children with a belt for the purpose of toilet training, starting at age one, each time the children urinated without telling their parents. The beatings occurred two to six times a day over a period of approximately five years. The supreme court held that use of familial authority was an invalid reason for departure, stating:
There are, of course, some cases of child abuse which occur outside the family unit. However, since the use of familial authority exists in so many child abuse cases, its adverse effect may have been taken into consideration in the setting of the guideline ranges for that offense. In any event, to permit a built-in basis for departure in so many child abuse cases would be contrary to the purpose and spirit of the sentencing guidelines.
Id. at 695. See also Eldridge v. State, 13 F.L.W. 1042 (Fla. 5th DCA Apr. 28, 1988). Departure based on abuse of familial trust is permissible, but as the supreme court has suggested, only under the most barbaric and grotesque circumstances. While the facts in the present case are shocking, they do not fit within the ambit of the cited cases.
The trial court's second reason for departure was the vulnerability and tender age of the victim. This reason is invalid. Neither advanced age alone nor helplessness or vulnerability are sufficient as clear and convincing reasons for an upward departure from the guidelines. Byrd v. State, 516 So.2d 107 (Fla. 4th DCA 1987).
The trial court's third reason for departure was the pattern of abuse perpetrated on the victim. While an escalating pattern of criminal activity is a valid reason for departure from the guidelines when clearly supported by the facts, Booker v. State, 514 So.2d 1079 (Fla. 1987), a pattern of abuse or "punishment" as in this case does not support departure. Rule 3.701(d)(11), Florida Rules of Criminal Procedure, provides that "[r]easons for deviating from the guidelines shall not include factors relating to prior arrests without conviction." Since appellant has not previously been convicted of child abuse, never having been charged, this cannot be used as a reason for departure.
Accordingly, we affirm the conviction but reverse the sentence and remand for resentencing within the guidelines.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
DELL and WALDEN, JJ., concur.