PER CURIAM.
This is an appeal from a conviction for sexual battery upon a child under 12 years of age. The defendant/appellant, Richard Martin, is the uncle of the eleven-year-old female victim. Martin and his wife stayed with the child’s family for several months prior to the time that the Martins moved to Tennessee. About a year after the Martins’ stay, the child told her mother about several incidents that had occurred with Martin in which he had penetrated her vagina with his finger, tongue and penis. The child’s mother contacted the Broward Sheriff’s Office and the victim was examined by a pediatrician. The pediatrician was of the opinion that the child had been sexually abused.
Detective Nick Argentine traveled to Tennessee to talk to Martin. Detective Argentine testified that he read Martin his Miranda rights and did not promise Martin or his wife anything in order to get him to give a statement. Argentine testified that he never told Martin whether or not he would be arrested and he never told Martin that he didn’t need an attorney. Argentine testified that Martin admitted to the incidents with the child.
In contrast, Mrs. Martin testified that when she spoke to Detective Argentine before he came to Tennessee he told her that he only wanted to verify that Martin was receiving psychiatric help. She testified that Argentine told her that he wanted to relay this information to the state attorney’s office so that the charges could be dropped. She testified that when she asked whether her husband needed a lawyer the detective told her that “You only need a lawyer when you’re being incarcerated or when you’re in jail.”
Additionally, the deacon in Martin’s church, Dave Pereda, testified that Martin had called him while the detective was at Martin’s home. Pereda testified that he advised Martin that he should obtain counsel. Pereda heard Martin repeat this to Detective Argentine and he heard Argentine respond with an inflection in his voice which suggested that he was upset.
Richard Martin testified that he had discussed psychiatric care with Detective Argentine. Martin indicated that Argentine had told him:
*624 I’m going to lay it on the line. We have over 800 cases a month in Broward County alone of this type of charges. We cannot possibly prosecute them all ... All I want to do is get a statement from you, make sure you are getting psychiatric help. I will take it back to the State’s Attorney. We will present it to the Grand Jury and all they’ll do is get a court order transferring it to Chattanooga making sure you’re getting psychiatric help ... Nobody wants to put you in jail. We don’t have the time or money or inclination.
Martin testified that he told Detective Argentine that he had discussed this with his boss and that his boss told him not to talk to Argentine unless he had an attorney present. Martin testified that Argentine responded, “Only guilty people need attorneys. Do you think you still need one?”
Martin filed a motion to suppress his statements. The trial court denied the motion and ruled, in part:
1. The court finds that the Defendant herein was read and advised of his constitutional rights, commonly known as Miranda rights.
2. The Court finds that the Defendant was never told that he was not entitled to an attorney. The defendant asked for the opinions of the Detective and of Dave Pereda as to whether he needed an attorney. After receiving the Detective’s opinion that he did not need an attorney, the Defendant decided to waive his right to an attorney and did so voluntarily and knowingly, (emphasis supplied)
Martin was convicted of three counts of sexual battery. He received three consecutive terms of life imprisonment each with a minimum mandatory of 25 years. Martin appeals the denial of the motion to suppress. We reverse.
Martin argues that he made an equivocal request for counsel and that Detective Argentine should only have continued his questioning to determine whether Martin wanted counsel. The state responds that because adversarial proceedings had not been initiated against Martin he was not yet entitled to an attorney. The state asserts that Martin's statement was given in a noncustodial setting which did not require Miranda warnings or further questioning as to whether Martin wished to have counsel.
We initially point out that the test for determining whether a defendant is in custody for Miranda purposes is set out in Caso v. State, 524 So.2d 422 (Fla.1988). There the Florida Supreme Court explained:
In Miranda, the United States Supreme Court established a procedural safeguard to protect an individual’s fifth amendment privilege against compelled self-incrimination from the coercive pressures of custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The procedural safeguard does not, however, apply “outside the context of the inherently coercive custodial interrogations for which it was designed.” Roberts v. United States, 445 U.S. 552, 560, 100 S.Ct. 1358, 1364, 63 L.Ed.2d 622 (1980). The police are required to give Miranda warnings only when the person is in custody. California v. Beheler, 463 U.S. 1121, 1124, 103 S.Ct. 3517, 3519, 77 L.Ed. 2d 1275 (1983). In determining whether a suspect is in custody, “the ultimate inquiry is simply whether there is a ‘formal arrest or restraint on freedom of movement’ of the degree associated with a formal arrest.” Id. at 1125, 103 S.Ct. at 3520 (quoting Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). As this Court and the United States Supreme Court have previously recognized, “the only relevant inquiry is how a reasonable man in the suspect’s position would have understood his situation.” Roman v. State, 475 So.2d 1228, 1231 (Fla.1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986) (quoting Berkemer v. McCarty, 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984).
524 So.2d at 423.
We further note that the mere fact that a formal arrest has not been made does not automatically mean that a noncus *625 todial situation exists. See B.L. v. State, 425 So.2d 1178 (Fla.3d DCA 1983).[1] See generally, Roman v. State, 475 So.2d 1228 (Fla.1985).
In the instant case Martin did not initiate contact with the police, the police traveled to Tennessee to interrogate him. When the Detective arrived he advised Martin of the allegations against him. Martin was the focus of a police investigation and he was aware of this fact. The Detective already had probable cause to arrest Martin. We believe that the circumstances were such that Miranda warnings were required.[2]
In any case, regardless of whether this was a custodial situation which required Miranda warnings, it is nevertheless established that once a defendant makes an “equivocal” request for counsel, as Martin did here, then the only permissible further inquiry is to clarify the defendant’s request for counsel. Long v. State, 517 So.2d 664 (Fla.1988). Here Martin was obviously in a quandary over whether or not he needed to obtain counsel. Not only did the Detective not explore further to determine whether Martin was requesting counsel, he fashioned his responses to Martin’s questions in such a manner as to put to rest any issue of the necessity of counsel. The trial court specifically found as a matter of fact that the detective told Martin that he did not need an attorney. At the very least the Detective was required to take a neutral stance on whether Martin needed counsel. Any other conclusion would vitiate the protections which are to be supplied by Miranda.
Accordingly, we reverse and remand for a new trial and direct the trial court to suppress the statements which the defendant made after his equivocal request for counsel.
DELL, WALDEN and POLEN, JJ., concur.

. In B.L. v. State, the Third District determined that where a 13 year old suspect was the sole suspect and police had probable cause to arrest him, the officer’s interview with him, at home, was a custodial interrogation requiring Miranda warnings. Therein the Third District acknowledged a four part test for determining whether a person is "in custody”: (1) probable cause to arrest, (2) subjective intent of the police, (3) subjective belief of the defendant, and (4) focus of the investigation, citing Alberti v. Estelle, 524 F.2d 1265 (5th Cir.1975).

. We note that the trial court specifically found that the Miranda warnings were given. The purpose of the state’s argument concerning Miranda is to support its argument that no further inquiry was required under Long v. State, 517 So.2d 664 (Fla.1988), which is discussed herein.