559 So.2d 678 (1990)
Manuel RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-104.
District Court of Appeal of Florida, Third District.
April 3, 1990.
Bennett H. Brummer, Public Defender, and J. Rafael Rodriguez, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before HUBBART, COPE and LEVY, JJ.
*679 PER CURIAM.
Manuel Rodriguez, defendant below, appeals his conviction for trafficking in cocaine. We reverse and remand for a new trial.
Defendant's trial lasted less than one day and was submitted to the jury at 4:40 p.m. After deliberating, the jury sent out several questions. One question was, "Can we have parts of statements read back to us?" The defense asked that the jury be directed to specify exactly what they wanted to hear. The court denied that request and instead responded to the jury that no statements would be read back to them.
Out of the hearing of the jury the judge expressed some exasperation that what appeared to be a simple, single issue case was taking so long to decide. At 7:20 the jury was brought back to the jury room and the following transpired:
THE COURT: ...
Ladies and gentlemen, you have been deliberating since about twenty to five. It's twenty after seven. This has been a three-witness case. Can I ask of you, please, can you tell me how far apart you are. I'm not asking whether you're voting guilty or not guilty, how far apart you are. In other words, five/one, four/two, three/three, that type of situation?
[THE FOREMAN]: At the present time we're probably four/two and it's not closed at this point.
.....
[A JUROR]: Your Honor, is there any way we can have the court reporter replay some of what we have heard?
THE COURT: I have already ruled on that.
Fifteen minutes later, the jury returned with a verdict of guilty.
The trial court erred by polling the jury on its numerical division. The United States Supreme Court has said:
We deem it essential to the fair and impartial conduct of the trial, that the inquiry itself should be regarded as ground for reversal. Such procedure serves no useful purpose that cannot be attained by questions not requiring the jury to reveal the nature or extent of its division. Its effect upon a divided jury will often depend upon circumstances which cannot properly be known to the trial judge or to the appellate courts and may vary widely in different situations, but in general its tendency is coercive. It can rarely be resorted to without bringing to bear in some degree, serious although not measurable, an improper influence upon the jury, from whose deliberations every consideration other than that of the evidence and the law as expounded in a proper charge, should be excluded. Such a practice, which is never useful and is generally harmful, is not to be sanctioned.
Brasfield v. United States, 272 U.S. 448, 450, 47 S.Ct. 135, 135-36, 71 L.Ed. 345, 346 (1926). Such an error is fundamental. Id.; see Warren v. State, 498 So.2d 472, 478 (Fla. 3d DCA 1986), review denied, 503 So.2d 328 (Fla. 1987). The comment, "This has been a three-witness case," compounded the problem by indicating the judge's view that the jury was taking too long. See Warren, 498 So.2d at 474-78.
We also find merit in the contention that the trial court should have granted the defense request to determine exactly what statement the jury wished to have read back. Furr v. State, 152 Fla. 233, 9 So.2d 801, 803 (1942). The trial court has great discretion in ruling on such a request, see, e.g., DeCastro v. State, 360 So.2d 474, 475 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1365 (Fla. 1979), but the discretion cannot be properly exercised without knowing the nature of the request. It may be that the information desired by the jury could have been readily supplied; the defense request should have been granted.
Defendant also contends that the contraband should have been suppressed in light of such recent decisions as State v. Wells, 539 So.2d 464 (Fla.), cert. granted, ___ U.S. ___, 109 S.Ct. 3183, 105 L.Ed.2d 692 (1989), and Shelton v. State, 549 So.2d 236 (Fla. 3d DCA 1989), review dismissed, 557 So.2d 869 (Fla. 1990). Since there must in *680 any event be a new trial, we do not reach the defendant's fourth amendment issues. Instead, those issues should be raised in the trial court on remand.
We conclude that defendant's remaining point on appeal is without merit.
Reversed and remanded for new trial.