589 So.2d 1372 (1991)
Lorraine ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2639.
District Court of Appeal of Florida, Fourth District.
November 20, 1991.
Rehearing or Certification Denied January 13, 1992.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant contends the trial court erred in departing from the recommended sentencing guidelines. We agree and reverse.
Appellant was charged by indictment with the first-degree murder of her seventeen-day-old infant and with aggravated child abuse. Both charges were based on the same acts, as the aggravated child abuse culminated in the infant's death. Pursuant to a plea agreement that the state would recommend a sentence within the permissive guideline range, appellant entered pleas of nolo contendere to the lesser crime of second-degree murder and to aggravated child abuse.
*1373 The state then informed the court and appellant that it could not honor the plea agreement and successfully sought an order granting appellant the right to withdraw the plea, over appellant's objection to voiding the parties' plea agreement.
At the sentencing hearing  appellant choosing not to withdraw her plea  the medical examiner testified that the seventeen-day-old baby died of blunt trauma to the head. In addition he identified repetitive biting injuries to the baby's face and cheek area and blunt non-penetrating injuries to the baby's buttocks (spanking). There was no evidence that the injuries to the brain were caused by anything other than a hand.
The lead investigative detective on the case testified that appellant admitted to striking the baby numerous times, spanking her for soiling her diapers, hitting her on the head and body when she would cry during the night and biting her on the cheeks. Appellant admitted to her that the actions occurred on a daily basis from the time the baby was released from the hospital, but indicated to her that she did not mean to hurt the baby. When paramedics arrived, appellant was clutching her baby daughter and was hysterical when they tried to take the baby.
The trial court sentenced appellant on the aggravated child abuse count to fifteen years, a sentence within the recommended guidelines. On the second-degree murder count, the trial court sentenced appellant to sixty years, a sentence exceeding the permissive range of twenty-two years, for which departure sentence it entered written reasons. Appellant appeals these reasons as invalid and her sentence as illegal.
The trial court handwrote as its reasons for departure the following:
1. Age related vulnerability is a substantial factor to establish a clear & convincing reason to depart when combined with other factors as stated in Wemett v. State, 15 FLW S423 [567 So.2d 882 (Fla. 1990)]; here the victim was only 17 days old; this tender aged victim was totally dependent on its mother, the defendant, for its survival. This creates a substantial difference in this victim & the victim in Wemett;

2. The relationship between the victim and defendant; mother & child create a substantial factor to depart; the Def. was the sole available guardian of the victim's welfare; it was a position of trust, a familial relationship under which the victim was at the mercy of the mother/def.; to violate this relationship in the brutal manner in which it was violated constitutes an extraordinary & egregious criminal act.
3. The criminal act in this case is so barbaric & grotesque that it truly shocks the conscience; the victim was beaten daily by her mother/def., the 12 days the child spent with the Def. were days of consistent blows to the victim causing the subdural bleeding of the skull; the child was bleeding from the nose & the defendant continued to beat the victim & not obtain medical attention; this 20 year old mother beat the child because the infant soiled its diapers & cried. This is a savage unmitigated beating to death of a 17 day old baby by the Def.
Age-related vulnerability alone is an insufficient reason to depart. Wemett v. State, 567 So.2d 882 (Fla. 1990); Lettman v. State, 526 So.2d 207 (Fla. 4th DCA 1988), rev. denied, 544 So.2d 1025 (Fla. 1989). However, the supreme court stated in Wemett that it might be possible for a trial court to combine age-related vulnerability with other substantial factors to establish a clear and convincing reason for departure if those factors together, proved beyond a reasonable doubt, showed the defendant to be particularly dangerous or the criminal act to be extraordinary or egregious. 567 So.2d at 887. In the instant case, the trial court combined the age-related vulnerability of the infant with what it considered an extraordinary and egregious criminal act, a mother killing her own infant.
In Lettman this court reversed a departure sentence for third-degree murder of a three-year-old child by her father, stating that departure based on abuse of familial trust is permissible but, as suggested by the supreme court, only under the most *1374 barbaric and grotesque circumstances. Id. at 208. This court found the facts in Lettman shocking but not sufficiently so to permit departure based on abuse of familial trust.
While the Lettman opinion does not recite facts, the briefs filed here reveal that the victim had been beaten with a belt repeatedly over a long period of time and that her "remarkably swollen" brain was consistent with being thrown against a wall. In the present case, the mother's daily beating of her baby from the time the baby was brought home from the hospital until she died of the beatings was the factor that the trial court found barbaric and grotesque.
It seems unreal that we should be comparing one barbarous act to another in determining the degree of punishment to be inflicted. Human life is, of course, precious and that is why we try to protect it by reserving the most severe criminal punishments for those acts that take a human life. The state could have stood by its initial decision to charge appellant with first-degree murder, and, if successful in its prosecution, would have justified a more severe penalty than the combined sentences imposed here for second-degree murder and aggravated child abuse.
Because second-degree murder, by definition, contemplates acts evincing a depraved mind and acts of such cruelty that any rational being would know they would cause death, and because Lettman and the present case represent a similarity of ongoing abuse, we are precluded from approving the trial court's action.
GLICKSTEIN, C.J., and ANSTEAD, J., concur.
OFTEDAL, RICHARD L., Associate Judge, dissents with opinion.
OFTEDAL, RICHARD L., Associate Judge, dissenting.
My disagreement with the majority is not whether age-related vulnerability alone may be a sufficient reason to depart. As the majority correctly notes, age-related vulnerability may be considered only when it acts in combination with other substantial factors to establish a clear and convincing reason for departure if those factors together prove beyond a reasonable doubt that the defendant is particularly dangerous or the criminal act is extraordinary or egregious. Wemett v. State, 567 So.2d 882, 887 (Fla. 1990). I do take issue with the conclusion that based upon the facts in this case, the defendant's conduct, while shocking, is insufficient to support the trial judge's findings of barbaric and grotesque behavior.
The majority likens the defendant's behavior to that of the father in the case of Lettman v. State, 526 So.2d 207 (Fla. 4th DCA 1988), rev. denied, 544 So.2d 1025 (Fla. 1989). While it is true that both cases represent a pattern of ongoing abuse, I find the defendant's behavior, consisting of brutal beatings during each of the twelve days of the baby's life with her mother, to be distinguishable both in degree of severity and cruelty from the abuse administered in Lettman. Because I find that the requisite additional factors necessary to sustain a departure due to age-related vulnerability appear by clear and convincing evidence, I would affirm the sentence imposed by the trial court.