PER CURIAM.
We affirm appellant’s convictions, but reverse his sentences and remand for resen-tencing within the guidelines.
We write to address Judge Farmer's dissent as to the conviction for sexual battery because “the jury’s finding of guilt on the sexual battery charge was tainted by” the combination of the undue restriction on cross-examination and the inadmissible hearsay.
The state tried appellant for committing a sexual battery upon his daughter and a lewd and lascivious act in her presence. The questioned cross examination convincingly established that appellant’s daughter did not know the date of the sexual battery or how long before trial it had occurred. We think that any additional cross examination on those points would have been “beating a dead horse.”
The questioned hearsay testimony occurred when the prosecutor proceeded to establish the dates of the crimes. He first tried to have appellant’s wife relate the date of appellant’s arrest to the date of the sexual battery. From the questions, the objections, and the rulings, confusion reigned as to whether the wife had “knowledge” of the sexual battery. However, defense counsel clarified the issue when he asked, “Is [the wife] saying that she saw [the sexual battery] or not?” And the prosecutor answered, “No. No.” The prosecutor then had the wife relate the date of appellant’s arrest to the date of the lewd act. The state went on to establish that (1) the sexual battery occurred, as charged, on November 4,1989; (2) the lewd act occurred, as charged, on November 5, 1989; and (3) appellant was arrested on November 6, 1989.
In response to Judge Farmer’s analysis, as to whether the evidentiary matters appellant complains of warrant reversal and retrial, we set forth the following so a reader can reach his or her own conclusion as to the strength of the state’s case.
*676 The state’s first witness, the daughter’s seventh grade teacher, testified that at the beginning of the school year, she noticed that the daughter, then fourteen, was “always huddled and very within herself.” Because of those observations, the teacher, “in the early part of November,” talked to the daughter. As a result of that talk, the teacher “wanted witnesses” so she “took [the daughter] to the guidance counselor and [the] principal.” They decided “that by law [they] were obligated to call in HRS,” which led to appellant’s arrest that day.
The daughter testified next and stated that she talked to the teacher about the sexual battery and the lewd act. She also testified that appellant “molested [her] more than once.” Because the wife worked, on weekends the daughter would go to Farrell’s Dairy with appellant.[1] The daughter stated that the sexual battery occurred at the dairy when appellant had “sex” with her and penetrated her vagina with his penis. She also testified that the day after the sexual battery she watched from the living room couch as appellant “made [the wife] bend down and they had sex.” The daughter mentioned that her brother was out of the living room “taking a shower.”
The wife testified next and stated “it was November 6, 1989, when [appellant] was arrested for sexually molesting [her] daughter.” The wife stated that two days before his arrest appellant “was down to the dairy where he was working at.” The wife also testified about the lewd act which took place the day before appellant’s arrest. She described that incident, which happened in the living room of her house, as follows:
[Appellant] made my son get up and go take a bath, then he told me to drop my pants, he wanted to have sex, and I begged him to go to the bedroom and do it. He said, “No, I want it right here, right now.” And I go, “Let [the daughter] go to her room.” [Appellant] says, “No, she needs to watch.”
A board certified pediatrician testified that his November 6, 1989 examination of the daughter revealed that her vagina had the characteristics of “a young lady who had been penetrated many times and had had intercourse.”
After the state rested, appellant testified that he never had “sex with [his] daughter,” and denied that he ever had sex with his wife while their daughter watched.
To rebut appellant’s denials, the state called the daughter’s thirteen year old cousin as a witness. He testified about another incident that involved appellant and the daughter. One night “sometime in November” of 1989, when the cousin stayed at the appellant’s house, he saw appellant and the daughter having sexual intercourse on the living room floor.
We conclude by noting that our supreme court has recognized that:
Cases involving sexual battery committed within the familial context present special problems. The victim knows the perpetrator, e.g., a parent, and identity is not an issue. The victim is typically the sole eye witness and corroborative evidence is scant. Credibility becomes the focal issue.
Heuring v. State, 513 So.2d 122, 124 (Fla.1987). The lewd act and rebuttal testimony constituted similar fact evidence.[2] The Heuring court found that Florida courts should treat similar fact evidence “as simply relevant to corroborate the victim’s testimony, and recognize in such cases the evidence’s probative value outweighs its prejudicial effect.” Id. at 125.
As to the sentences, the trial court justified its upward departure sentence because appellant’s “conduct was not a transient or first or sole commission of such despicable and intolerable acts. Such conduct was continuous and regular over a *677 period of many years.” However, this court in Lettman v. State, 526 So.2d 207 (Fla. 4th DCA1988), review denied, 544 So.2d 1025 (Fla.1989), held that a pattern of child abuse did not constitute a valid reason for departure. The Lettman court reasoned:
Rule 3.701(d)(ll), Florida Rules of Criminal Procedure, provides that ‘[Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction.’ Since [the defendant] has not previously been convicted of child abuse, never having been charged, this cannot be used as a reason for departure.
526 So.2d at 208. We distinguish Lerma v. State, 497 So.2d 736 (Fla.1986), because there the uncharged act, which justified the departure sentence, took place at the same time the defendant committed the crime for which he was convicted.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESEN-TENCING.
POLEN, J., and ALDERMAN, JAMES E., Senior Justice, concur.
FARMER, J., dissents in part with opinion.

. November 4, 1989, the date of the sexual battery, fell on a Saturday.

. We acknowledge that the state did not file a notice of intent to offer similar fact evidence as required by section 90.404(2)(b), Florida Statutes. However, that section provides that "evidence used for impeachment or on rebuttal” need not be noticed. Id. Also, the allegations of the information satisfied any notice requirement as to the lewd act evidence.