WARNER, Judge.
Appellant challenges his departure sentence for several counts of Driving Under the Influence resulting in serious personal injuries. He contends that the trial court’s announced reasons of breach of trust and the age and vulnerability of the victims are not valid reasons for departure in this case. We agree and reverse.
On a rainy July 4, 1990, appellant was driving his girlfriend, their two children and their baby-sitter home from a fireworks show when he failed to stop at a stop sign in western Martin County. Appellant’s car collided with a van. The occupants of the van suffered some bodily injuries. Appellant’s girlfriend suffered serious injuries as did their two month old daughter. The infant son suffered injuries but, as the jury found, of a less serious nature. Appellant was convicted of two counts of DUI with serious bodily injuries, three counts of DUI with personal injuries, two counts of DUI with property damage, and one count of DUI. Appellant, who had no prior record of any sort, factored out to a sentence of 2½ to 5½ years of incarceration on the guidelines scoresheet. The trial court expressed two reasons for departure: (1) that the appellant breached a position of familial authority and trust by his conduct; and (2) the age and vulnerability of the children. Based on those reasons, the court entered a departure sentence of 16½ years in prison.
In Wemett v. State, 567 So.2d 882 (Fla. 1990), the supreme court held that a victim’s age and vulnerability is not a clear and convincing reason for departure when the victim’s helplessness is common to nearly all similar victims. Applying this to a victim’s DUI injury case, the victim’s helplessness is a feature of nearly all DUI injury cases. However, the Wemett court noted that it may be possible for a trial court to combine age related vulnerability with other substantial factors to establish a clear and convincing reason for departure if those factors together, proved beyond a reasonable doubt, show that the defendant was particularly dangerous, or the criminal act was extraordinary or egregious. Id. at 887. Relying on Wemett, the trial court combined breach of familial trust with the age and vulnerability of the infant children to find clear and convincing grounds for departure.
Is breach of familial trust a valid reason for departure in this case? We think Davis v. State, 517 So.2d 670 (Fla.1987), indicates that it is not. In Davis, the court held that breach of familial trust was not a valid reason for departure in the second degree murder of a husband by his wife. The court noted several cases where breach of trust was found to have been a valid reason for departure. See e.g., Gardener v. State, 462 So.2d 874 (Fla. 2d DCA 1985). The court then noted:
In each of these cases, the crime committed was directly related to the trust conferred on the defendant and the trust was the factor that made possible the commission of the crime.... Further, were we to uphold a departure from the guidelines in this case based on abuse of *892 the trust of a family relationship, it would serve as authority to do the same in most cases involving the killing of a spouse or other family member. If the sentencing commission had intended to impose a harsher sentence on those convicted of second degree murder when the victim was the defendant’s spouse, it would have created a separate category for spousal homicide for purposes of establishing a score under the sentencing guidelines.
Id. at 674. Cf. Barnes v. State, 588 So.2d 585 (Fla.1991).
Similarly, in the instant case the abuse of familial authority did not facilitate the crime. The supreme court in Hall v. State, 517 So.2d 692 (Fla.1988), followed by this court in Lettman v. State, 526 So.2d 207 (Fla. 4th DCA 1988), rev. denied, 544 So.2d 1025 (Fla.1989), held that departure based upon abuse of familial trust is permissible but only under barbaric and grotesque circumstances. In Lettman, the trial court also combined breach of trust with the age and vulnerability of the victim, but this court held that neither factor justified departure.
Were we to uphold a departure in this case, just as in Davis, it would set precedent for permitting a departure sentence in any case where a family member was injured in a DUI accident caused by another family member. Furthermore, we do not quite understand that an injury caused to a child by the drunken driving of a parent is any more egregious than an injury to an innocent child victim who may have occupied the car which the drunken driver hits. As in Davis, if the sentencing commission deems it appropriate to include such a category on the scoresheet it can create one, but heretofore it has not done so, and based upon, the foregoing authority we do not find valid the reasons for departure expressed by the trial court.
We therefore reverse and remand for resentencing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
FARMER, J., concurs.
DIMITROULEAS, WILLIAM P., Associate Judge, concurs specially with opinion.