624 So.2d 300 (1993)
Ricardo GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0402.
District Court of Appeal of Florida, Fourth District.
August 25, 1993.
Rehearing Denied October 22, 1993.
*301 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant was charged with first degree murder and aggravated child abuse arising out of the injury and death of his three-month-old son. He was convicted of the lesser offense of third degree murder and aggravated child abuse. We affirm appellant's convictions but remand for resentencing within the guidelines.
While we agree with appellant that the trial court should have granted the jury's request to reread the testimony of a state's witness, we find the error harmless under the circumstances of this case. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). The testimony in question was overwhelmingly adverse to appellant, and we do not believe the rereading of such testimony could possibly have aided the appellant, especially in view of the jury's subsequent decision to acquit the appellant of first and second degree murder.
In addition, we find no error in the trial court's admission of appellant's statements, or in the admission of evidence of other injuries to the infant victim in addition to the injury alleged to have caused the child's death.
In determining whether appellant was in custody when he gave his statements to police, the trial court relied on the "four factor" test set forth in B.L. v. State, 425 So.2d 1178 (Fla. 3d DCA 1983), as originally adopted by the Fifth Circuit Court of Appeals in Alberti v. Estelle, 524 F.2d 1265, 1267-68 (5th Cir.1975), cert. denied, 426 U.S. 954, 96 S.Ct. 3181, 49 L.Ed.2d 1193 (1976). However, the United States Supreme Court has since adopted a "reasonable person" test for determining whether a suspect is in custody for Miranda purposes. See Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Recognizing as much, the Fifth Circuit has subsequently rejected the four factor test as "no longer compatible with Supreme Court precedent," and replaced it with the reasonable person test. United States v. Bengivenga, 845 F.2d 593, 596 (5th Cir.) (en banc), cert. denied, 488 U.S. 924, 109 S.Ct. 306, 102 L.Ed.2d 325 (1988). The Florida Supreme Court has expressly *302 adopted the reasonable person test. See Caso v. State, 524 So.2d 422, 423-24 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988).[1]
Utilizing Caso as authority, and based on the record before us, we conclude there is substantial competent evidence to support the trial court's conclusion, although based on the out-dated "four factor" standard, that appellant was not in custody when he gave the statements at issue. See Caso, 524 So.2d at 424 (even though the trial court applied the wrong analysis, supreme court affirmed the trial court's conclusion that appellant was in custody because there was substantial competent evidence to support it under the correct analysis); cf. Alioto, 588 So.2d at 19, and n. 6 (reversing and remanding for application of the reasonable man standard where the evidence was disputed and the lower court's findings were not relevant to that standard).
With regard to the evidentiary issue, we rely on two independent bases to affirm. First, we find a failure to properly preserve the issue for appellate review by trial counsel's failure to object at the numerous times during trial that this evidence was received. Second, appellant was fairly placed on notice before trial that the child abuse charge was based on the other injuries. Apparently, because of the obvious seriousness of the homicide charge, there was some confusion and misunderstanding at trial as to what acts formed the basis of the charge of child abuse. However, the language of the indictment was sufficiently broad to encompass the acts causing the other injuries. Furthermore, both the prosecutor and the trial judge alerted defense counsel at the hearing immediately before trial on appellant's motion to exclude this evidence that the evidence was admissible because it comprised the substance of the child abuse charge. Thus, we find no error by the trial court in any of its rulings on this issue.
Finally, we do agree with appellant that the trial court erred in departing from the guidelines. See Robinson v. State, 589 So.2d 1372 (Fla. 4th DCA 1991), rev. denied, 599 So.2d 1280 (Fla. 1992); Lettman v. State, 526 So.2d 207 (Fla. 4th DCA 1988), rev. denied, 544 So.2d 1025 (Fla. 1989).
ANSTEAD and KLEIN, JJ., concur.
OWEN, WILLIAM C., Jr., Senior Judge, dissenting in part with opinion.
OWEN, WILLIAM C., Jr., Senior Judge, dissenting in part.
While I concur in the conclusion reached by the majority, I disagree with characterizing as error (although harmless), the trial court's denial of the jury's request to have certain testimony read to them. Rule 3.410, Florida Rules of Criminal Procedure, gives the trial court discretion to have the court reporter read back testimony of witnesses upon request of the jury. DeCastro v. State, 360 So.2d 474 (Fla. 3d DCA 1978). A trial court's ruling on a matter within its discretion may or may not be an abuse of discretion, but in my opinion, would never be error, harmless or otherwise. It is my view that the trial court did not abuse its discretion in denying the request.
NOTES
[1] Notwithstanding the above, there seems to be continuing confusion within the districts as to the continued vitality of the four factor test. Compare Martin v. State, 557 So.2d 622, 624 (Fla. 4th DCA 1990) (reciting the reasonable person test as set out in Caso but applying several of the factors from the four prong test) and Jenkins v. State, 533 So.2d 297, 300 (Fla. 1st DCA 1988) (impliedly relying on the four factor test), rev. denied, 542 So.2d 1334 (Fla. 1989) with State v. Alioto, 588 So.2d 17, 18 (Fla. 5th DCA 1991) (stating that the four factor test is obsolete, having been replaced by the reasonable person standard).