THOMPSON, Judge.
Patrick B. Cooper appeals his convictions for three counts of delivery of cocaine[1] and three counts of possession of cocaine.[2] We affirm. The single issue raised on appeal is whether the trial judge abused her discretion when she directed the court reporter to read back the entire testimony of Detective Groetsch to the jury.
During deliberations, the jury requested testimony about events that happened on a specific day. Detective Groetsch had testified about three dates and the jury wanted information about one date in particular. After discussing the issue with the attorneys, the trial judge noted that events on one specific day, 2 November 1993, were interspersed throughout the detective’s testimony and that it would be difficult for the court reporter to find matters about one particular date.
The defense attorney wanted the trial judge to instruct the jury to rely on their own independent recollections. The assistant state attorney wanted the entire testimony read back because it would help the jury and there was a potential for error if the court reporter attempted to select events of one day because the court reporter might miss something said regarding 2 November. The trial judge brought the jury back into *1081 the courtroom and the following colloquy occurred:
THE COURT: All right. I have your question, and it was, may we hear the testimony by the court reporter of Detective Groetsch on November 2nd, 1993.
And, as I recall, Detective Groetsch, they went back and forth, back and forth and sometimes talking about October 20, sometimes November 1st and sometimes November 2nd. I don’t want to have to have Randal [the court reporter] go through everything he’s got and try to pick out November 2nd in hopes that he catches it all. So we can do this one of two ways, either can you rely on what you all remember collectively, or I will have Randal read back all of it, if you think that would help.
Do you have any idea which way you would or would not to [sic] go with this, or do you want to talk about it?
THE FOREPERSON: From the consensus of the group I would say we would want to hear the entire thing. I just thought from your first response that we needed to be more definitive and that’s why we put just the November 2nd. So the whole thing would be fine.
It is obvious that the jury wanted the entire testimony of Detective Groetsch read to them. The decision whether or not to have testimony read to the jury is within the broad discretion of the trial judge. Coleman v. State, 610 So.2d 1283, 1286 (Fla.1992) (citing Kelley v. State, 486 So.2d 578 (Fla.), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986)), cert. denied, — U.S. -, 114 S.Ct. 321, 126 L.Ed.2d 267 (1993).
The trial judge determined the exact nature of the question requested by the jury and, since the jury wanted the entire testimony read back to them, the trial judge did not abuse her discretion. Rodriguez v. State, 559 So.2d 678 (Fla. 3d DCA 1990). We find no error.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. § 893.13(1)(a)(1), Fla.Stat. (1991).

. § 893.13(1)(f), Fla.Stat. (1991).