ANSTEAD, Justice,
concurring in part, dissenting in part.
I cannot agree with the majority’s holding that excessive brutality may be properly used in this case as a basis for departure from a guidelines sentence. By approving its use, the majority is allowing the same factor to be used against the defendant three times. This tripling of a single factor to determine a defendant’s sentence is contrary to the letter and spirit of the sentencing guidelines. As a consequence of our ruling, most second-degree murders and attempted second-degree murders will now be excepted from the guidelines.
The defendant was convicted of attempted second-degree murder by committing an act “imminently dangerous to another and evincing a depraved mind regardless of human life.” See section 782.04(2), Fla.Stat. (1991). In essence, attempted second-degree murder is the commission of a brutal act without care as to its consequences. Understandably, the legislature has reserved the most serious punishment under the guidelines for the conviction of such a brutal act. However, there is no rational basis for distinguishing between “just enough” brutality or depravity to justify an attempted second-degree murder conviction and its serious consequences, and “excessive” brutality, and then assigning a yet more severe punishment for the “excessive” case. The statute itself contemplates and punishes excessive brutality.
This Court and others have held that factors inherent in the crime for which a defendant is convicted cannot also be used as reasons to depart from the sentencing guidelines. See State v. Mischler, 488 So.2d 523 (Fla.1986); Robinson v. State, 589 So.2d 1372 (Fla. 4th DCA), review denied, 599 So.2d 1280 (Fla.1992); Harris v. State, 533 So.2d *114 1187 (Fla. 2d DCA 1988). These cases stand for the reasonable proposition that a person convicted of a brutal crime already faces a severe punishment because the legislature has reserved the most severe punishments for crimes of brutality.
Harris was also assessed points under the sentencing guidelines for victim injury, a consideration closely akin to “brutality.” Indeed, he was assessed the maximum allowable points for this factor. Hence, brutality was again used to enhance the defendant’s sentence.
Brutality has been legitimately considered twice in this attempted second-degree murder case, both in the nature of the charge for which the defendant was convicted and in the points assessed for victim injury. Surely, it is contrary to the core policy of the uniform sentencing guidelines to allow such brutality to be considered yet a third time, and then as a basis for imposing a sentence completely outside the guidelines.
SHAW and KOGAN, JJ., concur.